J. FLEISCHMANN, Respondent, v. HENRY MILLER, Appellant.

### St. Louis Court of Appeals, December 3, 1889.

1. **Contract:** QUANTUM MERUIT. The fact, that a plaintiff who sues upon a building contract is himself in default in the performance of the contract, does not prevent a recovery under a claim of *quantum meruit.*

2. **Practice, Trial:** INSTRUCTIONS. An instruction which leaves to the determination of the jury what are the material issues in the cause is erroneous; it is the province of the court to define the issues.

3. **Justice of the Peace:** SUFFICIENCY OF STATEMENT. An account, filed as the cause of action in a suit instituted before a justice, though imperfect, will support a recovery, if it is sufficiently explicit to inform the defendant of the nature of the cause of action, and to bar another action for the same cause.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*John J. O'Connor,* for the appellant.

The plaintiff could not recover, if himself in default in the performance of the contract. *Gruetzner v. Furniture Co.,* 28 Mo. App. 266; *Earp v. Taylor,* 73 Mo. 617; *Downs v. Smit,* 15 Mo. App. 583; *Hanel v.*

*Freund*, 17 Mo. App. 623. There was no statement of plaintiff's cause of action filed with the justice, the paper purporting to be a bill, and on which this action is brought, does not charge defendant with debt, and the court erred in admitting any evidence for plaintiff on said bill. R. S. 1879, sec. 2851.

*Frank A. Hobein*, for the respondent.

The itemized bill filed in this case before the justice, though faulty in its etymology and syntax, contains everything necessary to show intelligibly the nature and particulars of the demand. And if such were not the case, still appellant having gone to trial in the lower court on the merits, he will not now be heard to raise that objection for the first time. *Meyer v. McCabe*, 73 Mo. 236; *Meyer v. Chambers*, 68 Mo. 626. Respondent was entitled to recover upon *quantum meruit*, this being a contract for materials furnished, and work performed upon real estate. *Rude v. Mitchell*, 97 Mo. 365; *Austin v. Keating*, 21 Mo. App. 30; *Fox v. Car Co.*, 16 Mo. App. 128; *Davis v. Brown*, 67 Mo. 314; *Yeats v. Ballentine*, 56 Mo. 539.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace on an account stated in the following language:

"Mr. Henry Miller to J. Fleischmann.

"For painting the front of the brick house (2 story), No. 2011 N. 9th street, 3 coats of paint and striped...................... $25 00
"All banisters and partitions of said building received 2 coats of white lead paint for the amount of........................... 10 00
"One ceiling, 1 coat of paint................. 1 00
"The 40 ft. fence also received 2 coats of paint. 5 00

"$41 00"

On trial anew in the circuit court, before a jury, the plaintiff had a verdict and judgment in the sum of thirty-five dollars and interest, and the defendant prosecutes this appeal.

The evidence for both parties showed that the work was done in pursuance of an oral contract made between the plaintiff and the defendant, whereby the plaintiff agreed to do certain painting on the house of the defendant for the sum of thirty-five dollars. But the parties differed as to the terms of the contract, the chief point of difference being that, according to the plaintiff's evidence, the contract did not include the painting of the fence, so that that was "extra;" whereas according to the defendant's evidence it did include the painting of the fence. Moreover, according to the defendant's evidence, the terms of the contract required the old paint to be scraped off, and the wood work to be sand-papered; while the evidence of the plaintiff was to the contrary. After completing the job, including the fence, in accordance with his view of the contract, the plaintiff left a bill at the house of the defendant for thirty-five dollars. This the defendant refused to pay unless the plaintiff would complete the job in accordance with the defendant's understanding of the contract. According to the defendant's evidence the plaintiff promised to do this, but the plaintiff's evidence is to the contrary.

Against the objection of the defendant the court admitted evidence of the reasonable value of the work. The evidence adduced by the plaintiff, as to the reasonable value of the work, placed it at a much higher figure than thirty-five dollars; but the plaintiff testified that he had agreed to do it at a low rate, because the defendant was a builder, and he wanted to secure his favor.

The court refused several instructions tendered by the defendant, which were predicated upon the view

that the plaintiff could only recover upon the contract, and that, if the jury should find that he had not performed the contract according to its terms, he could not recover at all. In lieu of these the court submitted the case to the jury upon the following comprehensive instruction, given of its own motion :—

"If the jury find from the evidence that the defendant employed the plaintiff to do the work and labor, and furnish the materials necessary for the painting of the house of defendant mentioned in evidence, and that the plaintiff did said work and furnished said materials, then the plaintiff is entitled to recover in this case such sum as you may find from the evidence to be the fair and reasonable value of said work and materials. But, if you further find from the evidence that the plaintiff and the defendant entered into a contract for the doing of said work, then plaintiff is not entitled to recover in this case more than the contract price agreed upon between them. And, if you find and believe from the evidence that plaintiff did not do said work according to said contract, but omitted any portion thereof, or that said work was not done in a good and workmanlike manner, then in fixing the amount of your verdict, in the case, you should deduct from said contract price such sum as you may find from the evidence it would cost the defendant to complete the said work in accordance with the terms of such contract between the parties; and upon whatever sum you may find for the plaintiff you should add interest at the rate of six per cent. per annum, from the fifth day of November, 1888."

From the foregoing statement it will be perceived that the theory of defendant is that this case is governed by the doctrine of *Gruetzner v. Aude Furniture Co.*, 28 Mo. App. 263, and *Fox v. Pullman Palace Car Co.*, 16 Mo. App. 122, and other like cases; while the plaintiff has proceeded upon the view that it is governed

by the doctrine of *Yeats v. Ballentine*, 56 Mo. 530, and kindred cases of building contracts. It is plain that this was in the nature of a building contract, and that it is consequently governed by the rule in *Yeats v. Ballentine, supra.* Under this rule, although the plaintiff may not have performed the contract precisely in accordance with the terms of the agreement, he can recover the reasonable value of the work done, less the damages which the defendant may have sustained through his failure to complete the contract in accordance with its terms, which the learned judge correctly told the jury would in this case be the cost to the defendant of so completing it. There was, therefore, no error in refusing the defendant's instructions above spoken of, nor in admitting evidence of the reasonable value of the work.

The defendant requested, and the court refused the following instruction :—

"The court instructs the jury that the burden of proof is on the plaintiff, and, to entitle him to recover on his cause of action, he must prove to your satisfaction, by a preponderance of evidence, the allegations contained in his complaint, and on which he seeks to obtain judgment against defendant; therefore, should you find that the evidence bearing on any material issue in this cause does not preponderate in favor of plaintiff, then, on such issue, you must find for defendant. And the court further instructs the jury that by the terms 'preponderance of evidence,' as used in this instruction, is meant the greater weight of evidence."

This instruction was correctly refused, for the reason that it submitted to the jury the question what are the "material issues" in the case. It is a well-settled rule that the court cannot submit to the jury the question what are the issues made by the pleadings, but must state the issues to them, when it becomes material to do so. 2 Thomp. Trials, sec. 2314. This the court sufficiently did in the instruction first above quoted.

Another objection questions the sufficiency of the account to support any recovery. It is apparent that it is not drawn as an expert accountant would have drawn it, but it is not for this reason, nor yet for its defective orthography, to be held insufficient. It is sufficiently explicit to inform the defendant of the nature of the action, and to bar another action for the same cause; and this is enough in an action commenced before a justice of the peace.

The jury have evidently constructed their verdict, to some extent, from the evidence of both parties. The plaintiff's evidence was to the effect that the job which he performed was a good job, and was worth a great deal more than thirty-five dollars, which was the agreed price, according to the defendant's theory, and according to the account for which plaintiff presented his bill. The jury have given him that amount, limiting his recovery to the price named in the contract, and rejecting his claim of compensation for "extras." It is plain that the verdict is supported by the evidence.

The judgment must be affirmed. It is so ordered. All the judges concur.