WILLIAM C. LEMON, Respondent, v. JAMES H. LLOYD, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1. **Principal and Agent:** COMMISSION FOR SALE OF REAL ESTATE. If a real-estate agent procures a purchaser ready, willing and financially able to make the purchase absolutely on the terms fixed by the principal, and the latter accepts the buyer and enters into a contract with him respecting the sale and purchase of the property, he establishes a *prima facie* right to his commissions.

2. **Justices' Courts:** SUFFICIENCY OF STATEMENT. In actions before justices of the peace, a statement is sufficient, if it advise the defendant of what he is sued for, and is so definite as to bar an action for the same matter.

3. ——— : CONSTRUCTION OF STATUTE : EVERY LITIGANT HIS OWN LAWYER. The statute governing practice and proceedings in justices' courts should be construed so as to make it possible for any plain, common-sense citizen to appear there and prosecute or defend an ordinary action.

Lemon v. Lloyd.

4. ——— : ACCOUNT : CONTRACT: QUANTUM MERUIT. In a suit in a justice's court on an account for services of any kind, it is sufficient proof to authorize a recovery, if it be shown the services were rendered under a special contract to pay so much per day, week or month, or a specific sum for the entire service ; or, failing in that, even if it only appear there was a contract of employment, but none as to compensation, still the plaintiff ought to be permitted to recover, if he shows by evidence what such services were reasonably worth.

5. Practice, Trial: CONTRACT: QUANTUM MERUIT : INSTRUCTIONS. Where, on the trial in the circuit court of an action instituted before a justice of the peace, there are instructions on the theory of a special contract, and the jury found for the plaintiff on such theory, no injury resulted to the defendant from giving an instruction on the theory of a *quantum meruit*, there being no evidence of the reasonable value for the services sued for.

6. Principal and Agent: EVIDENCE: AGENT GIVING PURCHASER PART OF COMMISSION NO DEFENSE. The fact that the agent agreed to give the purchaser a part of his commissions if he would close the trade cannot injure the principal, and is not admissible in evidence to defeat an action for the agent's commissions.

7. ——— : COMMISSIONS : EVIDENCE : PERFECTING TITLE : DEFENSE. The mere fact, that the purchaser produced by the agent at the time of making the contract of purchase knew that there were some proceedings in the probate court required to perfect the title, is not admissible in evidence, unless followed by the further offer to show what the proceedings were and the time required to secure them, so that the jury could determine whether defendant had perfected the title in a reasonable time ; and such fact cannot defeat the agent's action for his commissions, where the purchaser produced was able and willing and was accepted and contracted with by the principal.

*Appeal from the Clay Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Burris & Lawson*, for appellant.

( 1 ) The first instruction given for plaintiff is bad, for the reason that, upon the finding of the facts therein set out, the jury were instructed to find for plaintiff ; it attempts to set out the whole case, but ignores the fact of the agreement made after ten days had expired, and

leaves out the element of readiness on the part of the purchaser to pay cash. These omissions are not supplied by any subsequent instructions. *Straus v. Railroad*, 86 Mo. 421 ; *Owens v. Railroad*, 95 Mo. 169 ; *Sullivan v. Railroad*, 88 Mo. 169 ; *Thomas v. Babb*, 45 Mo. 384. (2) The second instruction given for plaintiff is bad, because it is based upon the facts set out in the first. (3) The third instruction given for plaintiff is bad, because it ignores the element of ability on the part of the purchaser to pay cash. (4) The fourth instruction given for plaintiff is bad, for the reason that this action was for "agreed commissions." Under such a statement the plaintiff could not recover on a *quantum meruit*. (5) Because plaintiff admits that out of the $250 commission Messick, the purchaser, was to receive $100, and this arrangement was unknown to defendant. Such an agreement was *contra bonos mores*. It was the duty of plaintiff to acquaint the defendant with the proposed division of commissions, and in failing to do this he did not observe the *uberrima fides* which the law exacts from an agent towards his principal. *Dearing v. Sears*, 3 N. Y. Supp. 31 ; *Murray v. Beard*, 102 N. Y. 505–508 ; *Scribner v. Collar*, 40 Mich. 375 ; *Bell v. McConnell*, 37 Ohio St. 396 ; *Webb v. Paxton*, 32 N.W. Rep. 749 ; *Raisin v. Clark*, 41 Md. 158 ; *Rice v. Wood*, 113 Mass. 133 ; *Lynch v. Fallon*, 11 R. I. 311. (6) The court erred in refusing to allow defendant to show by witness Messick that he, Messick, knew that it would require some proceedings in the probate court to perfect the title, inasmuch as the plaintiff had already testified that he had understood that there was some trouble about the title. The defendant was entitled to a reasonable time in which to perfect the title. *Dent v. Powell*, 45 N. W. Rep. 772.

*John Dougherty* and *Geo. F. Isgrig*, for respondent.

(1) The instructions given by the court on behalf of both plaintiff and defendant are, practically, without

exception, a concise and sufficiently comprehensive statement of the law governing the issues of this case. (2) Plaintiff, being duly authorized as agent of defendant to sell certain real estate presented to his principal a buyer who was ready, able and willing to purchase the same ; and, a valid and binding contract being entered into between such purchaser and seller, the broker has thereupon discharged his obligation to the seller, and, unless the owner and broker had agreed to the contrary, the broker's commission became due and payable upon the execution of such contract. (3) An agent's willingness to sacrifice a portion of his commission as an inducement to a buyer to purchase his principal's property, which he desires to sell, evidences not bad faith, legal fraud or treachery on the part of such agent, but, on the contrary, the most profound fidelity to the best interests of his principal. *Nesbitt v. Hesler*, 49 Mo. 383 ; *Coleman v. Meade*, 13 Bush. 358 ; Fitch on Real Estate, p. 141 ; *Collins v. Fowler*, 8 Mo. App. 588.

SMITH, P. J.—This was an action commenced before a justice of the peace by plaintiff against defendant to recover $250 as commission for making the sale of certain real estate for defendant. The plaintiff had judgment in the circuit court for the amount sued for, from which judgment defendant appealed.

I. The appealing defendant questions the judgment upon a number of grounds. The objections which the defendant has lodged against the first, second and third instructions given by the court, on its own motion, for the plaintiff, are without force. These instructions were predicated upon evidence which was ample to warrant the action of the court in giving them. No valid objection is perceived to the hypothesis of either of them. The plaintiff's evidence showed that he not only produced a buyer who was ready, willing and financially able to make the purchase absolutely on the terms fixed by defendant, but

that the defendant accepted the buyer and entered into a contract with him respecting the sale and purchase of the property  The introduction of evidence tending to establish these facts *prima facie* entitled the plaintiff to recover. *Zeidler v. Walker*, 41 Mo. App. 118; *Hayden v. Grillo*, 26 Mo. App. 289 ; *Love v. Owens*, 31 Mo. App. 501 ; *Millan & Abbott v. Porter*, 31 Mo. App. 563.   If the defendant's terms had been ready cash and the purchaser found had accepted the same, but was unable financially to meet this condition, then this would have been a proper element of fact for the consideration of the jury.   But the undisputed evidence was that the purchaser was a man of considerable means, and abundantly able to pay the ready cash when the defendant should perform the condition precedent required by the contract.

II.   The defendant's further contention is, that the action was on a special contract, while the fourth instruction given for the plaintiff authorizes a recovery on a *quantum meruit*.   It is proper to remark that in actions before the justice of the peace a statement is sufficient if it advise the defendant of what he is sued for, and is so definite as to bar another action for the same matter.   *Butts v. Phelps*, 79 Mo. 302 ; *Fleischman v. Miller*, 38 Mo. App. 177 ; *Gregg v. Dunn*, 38 Mo. App. 283.   Justice courts were created no doubt upon the idea that ordinarily every litigant therein could be his own lawyer.   In these inferior, though useful, courts it was never the design of the legislature that a lawyer should be indispensable in the trial of causes there. The statute governing the practice and proceedings in these courts should be construed so as to make it possible for any plain, common-sense citizen to there appear and prosecute or defend an ordinary action.   No pleadings beyond what has been already indicated or required.   Hence, in a suit on an account for work and labor or services of any kind, it is sufficient proof of the account to entitle the plaintiff to recover if it be shown

the work and labor done or services rendered were under a special contract to pay so much per day, week or month, or a specific sum for the entire service ; or, failing in that, if it appear that there was a contract of employment, but none as to compensation,—still the plaintiff ought to be permitted to recover if he shows by evidence what such services were reasonably worth.

Hence, too, in a suit on an open account this practice before justices' courts should obtain without reference to the wording of the account, beyond what has already been stated.    This broad and practical construction of the statute, referred to, would, in our opinion, enlarge the usefulness of these courts and give effect to the legislative intent in providing for their creation.    But if in a suit before a justice of the peace on an open account for services of any kind,  when the language of the account states that the compensation was fixed by contract, there can be no recovery even on a *quantum meruit*, if it turns out on the trial that there was no contract fixing the compensation ; still it is not believed that this would better the defendant's plight.    The instructions authorizing the jury to find for the plaintiff on a *quantum meruit* were without evidence to support them.    There was no evidence as to the reasonable value of the plaintiff's services.    So that the jury must have found for the plaintiff on the contract theory embraced in plaintiff's first instruction.    The instruction authorizing a recovery on a *quantum meruit*, if erroneous as defendant contends, was disregarded by the jury as we have seen, so that no injury resulted to the defendant in consequence thereof.

III.    Nor do we find that there was any error in the refusal of the trial court to permit the defendant to show that the plaintiff had agreed with the purchaser, Messick, that, if he would close the lot trade with defendant that plaintiff would give him, Messick, $100 out of his commission.    The plaintiff had found a purchaser who was willing and able to pay defendant what

he asked for his property, and if plaintiff chose to give a part or all of his commission for making the sale to the purchaser, Messick, it is quite difficult to understand how that could injure defendant in any way. There is nothing in the morals or in the law that forbids conduct of this kind on the part of an agent. The conduct of the plaintiff is not condemned by the rule in respect to dual agency. *Huggins, etc., v. Ins. Co.*, 41 Mo. App. 530 ; *Reese v. Garth*, 36 Mo. App. 641.

IV. The trial court did not err in refusing to permit the defendant to show that at the time of the execution of the contract with Messick, that the latter knew that there was an outstanding interest in the property, which would require some proceedings in the probate court in respect thereto before that interest could be conveyed to him. This offer did not go far enough. It should have also shown facts as to the acts to be done, and the time required to do those acts, to have enabled the jury to determine whether the defendant had perfected the title within a reasonable time. But the proposal made was so restricted as to render what it embraced immaterial. Besides this, the jury having found the facts to be as included in the hypothesis of the first instruction for the plaintiff, the time the defendant, under the contract with Messick, was entitled to have in perfecting his title was unimportant, since it did not affect the plaintiff's right to recover of the defendant his commission for making the sale.

The evidence shows that the plaintiff was entitled to recover, and that the judgment is manifestly for the right party. No errors are assigned materially affecting the merits of the action, so that it follows the judgment of the circuit court must be affirmed. All concur.