MOSES JOHNSON, Respondent, v. LOOMIS & SNIVELY, Appellants.

Kansas City Court of Appeals, May 16, 1892.

1. **Justices' Courts:** SUFFICIENT STATEMENT. The statement in this case was sufficient to advise the defendants of what they are sued for, and also definite enough to bar another action for the same matter, which is sufficient.

2. **Evidence:** PAROL MODIFICATION OF CONTRACT. In this case evidence tending to prove a parol modification of the written contract as to the compensation of the plaintiff was properly admitted in support of his open account; even though it is the rule that in a suit before a justice in an open account for services, where the account states the compensation is fixed by contract, there can be no recovery, even on *quantum meruit*, if it turns out there was no contract fixing the compensation.

3. **Practice, Appellate:** EVIDENCE: MOTION FOR NEW TRIAL. On an examination of the evidence in this case it cannot be said there was not sufficient to go to the jury, and an appellate court will not review the admission of evidence when the trial court's attention is not called to it in the motion for a new trial.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

.AFFIRMED.

*Dysart & Mitchell*, for appellants.

(1) The court should have sustained the defend-ant's demurrer to plaintiff's evidence. With all the liberality extended to statements filed before a justice, it has never been permitted to sue on one cause of action, and recover on another and different cause of action. R. S. 1889, sec. 6138; *Penninger v. Reiley*, 44 Mo. App. 255. (2) A suit cannot be brought on an open account, and the recovery had on a written con-tract covering the same subject-matter. This proposi-tion needs no citation of authorities. It is elemental. (3) When the subject-matter of an action has been reduced to writing and signed by the parties, the suit must be brought on the written contract. Its terms are the measure and conditions of the recovery. If it be claimed that its terms have been changed or mod-ified by a subsequent agreement, then such change should be alleged in the petition or statement, and the contract declared on as modified. This is also ele-mental law, and applies to all jurisdictions. *Lanitz v. King*, 93 Mo. 513–519.

*W. H. Sears*, for respondent.

SMITH, P. J.—This was a suit brought before a justice of the peace. The statement of the plaintiff's cause of action alleged that "the defendants are indebted to plaintiff in the sum of $10 for work and labor done as a coal miner during the months of Feb-ruary and March, 1890," etc. The case was removed by appeal to the circuit court where there was a trial

which resulted in a judgment for plaintiff for $3.33 1-3, to reverse which defendants have appealed.

The defendants' first ground of appeal is that the statement of the plaintiff's cause of action is insufficient. It was quite sufficient to advise the defendants of what they were sued for, and was besides definite enough to bar another action for the same matter, which is all that is required. *Betts v. Phelps*, 79 Mo. 302; *Fleischmann v. Miller*, 38 Mo. App. 177; *Gregg v. Dunn*, 38 Mo. App. 283. No pleading beyond that which we have indicated is necessary in an action before a justice of the peace. The strict rules which are required to be observed in pleadings in cases pending in the circuit court like that of *Lanitz v. King*, 93 Mo. 573, do not apply in all their breadth to pleadings in justice's courts. In *Lemon v. Loyd*, 46 Mo. App. 452, it was said that, in a suit on an account for work and labor or services of any kind, it is sufficient proof of the account to entitle the plaintiff to recover, if it be shown the work and labor done or services render d were under a special contract to pay so much per day, week or month, or a specified sum for the entire service; or failing in that, if it appear that there was a contract of employment but none as to compensation, still the plaintiff ought to be permitted to recover if he shows by evidence what such services were reasonably worth. Hence, too, in a suit on an open account, this practice should obtain without reference to the wording of the account beyond what has been already stated. This broad and practical construction of the statute would, in our opinion, enlarge the usefulness of these courts and give effect to the legislative intent in providing for their creation.

But in a suit before a justice of the peace on an open account for services of any kind where the language of the account states that the compensation is

fixed by contract there can be no recovery even on a *quantum meruit*, if it turns out in the trial there was *no contract* fixing the compensation. The written contract and the evidence tending to prove a parol modification thereof as to the compensation the plaintiff was entitled to receive per ton for mining coal for defendants were properly admitted in support of plaintiff's open account according to the statement of the law just made. This is not a case where the plaintiff has sued on one cause of action and recovered on another as the defendants seem to suppose. The account was for work and labor in mining coal for defendants, and the evidence upon which the jury found for plaintiff corresponded with it.

We cannot say after an examination of the evidence that there was not a *scintilla* of evidence to justify the court in the submission of the case to the jury.

In the motion for a new trial, the attention of the court was not called to any erroneous ruling made by it in respect to the admission or rejection of evidence so that we cannot for that reason examine its rulings in that respect.

Perceiving no error in the record before us, the judgment of the circuit court must be affirmed. All concur.