63  473
68   11

63   473
102  422

WM. BOYLE, Respondent, v. POWERS CLARK, Appellant.

Kansas City Court of Appeals, November 18, 1895.

1. **Accounts**: ASSIGNMENT: PARTY PLAINTIFF. Though an account accrue to a firm, if before suit brought one of the members buys the same, he is the real party in interest and the only proper party plaintiff. The assignment need not be in writing.

2. **Contract**: BREACH: QUANTUM MERUIT. Where the defendant agreed to furnish logs to plaintiff to be sawed on the shares but took all the logs without delivering any to the plaintiff, he broke his contract, and plaintiff could abandon it and sue in *quantum meruit*.

3. ———: QUANTUM MERUIT: RECOVERY: STATEMENT. The statement in this case was such that being filed with a justice would authorize a recovery on the special contract or on a *quantum meruit* as the evidence would warrant.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY
M. RAMEY, Judge.

AFFIRMED.

*Carolus & Brewster* and *Sterling P. Reynolds* for
appellant.

(1)   It is well settled law in this state that a con-
tract with two or more persons, for the payment to
them of a sum of money, is a joint contract with all,
and all the payees have therein a joint interest, so that
no one can sue alone.   And the demurrer to the evi-
dence should have been sustained at the close of plain-
tiff's case, or at least at the close of all the evidence.
R. S. 1889, sec. 1994; Par. on Cont. [7 Ed.], 13;
*Rainey v. Smizer*, 28 Mo. 310; *Thieman v. Goodnight*,
17 Mo. App. 429; Bliss on Code Pleading [2 Ed.], sec.
63.   (2)   Defendant's demurrer to the evidence should
have been given, at the close of plaintiff's evidence, be-
cause plaintiff did not prove that the account had been
assigned to him.   Neither did the account purport to
be an account of Boyle & Gideons, and assigned by
Gideons to Boyle, but simply 'an account due by de-
fendant to plaintiff.   An assignment is a transfer in
writing and must be so transferred to enable the holder
to maintain a suit thereon.   R. S. 1889, sec. 2391;
*Miller v. Paulsell*, 8 Mo. 355; *Ashworth v. Crocket*, 11
Mo. 636; *Weinwick v. Bender*, 33 Mo. 80.   (3)   This
is a suit on a special contract for sawing timber at an
agreed price per hundred feet, as alleged in the ac-
count.   The evidence discloses a wholly different state
of facts, and warrants a recovery, if at all, in an action
for damages for breach of contract, and defendant's
demurrer to the evidence should have been given.
*Eyerman v. Cemetery Association*, 61 Mo. 489; *Johnson*

*v. Loomis*, 50 Mo. App. 142. (4) The pleadings showed a cause of action in favor of plaintiff on a contract, and the evidence introduced showed a totally different cause of action in favor of plaintiff and another on a wholly different state of facts, and the court should have instructed the jury to find for defendant. R. S. 1889, sec. 2096; *Leslie v. Railroad*, 88 Mo. 50.

*Sherwood & Allen* for respondent.

(1) Boyle and Gideons were partners in the saw mill business. The debt sued for was a debt owing the partnership. The partnership ceased operation. Boyle bought Gideons' "interest out" in this sawing account. He brought suit in his own name. He could not do anything else. He was the real party in interest. R. S. 1889, sec. 1990. It is held under this section a verbal sale will support the suit. *Weinwick v. Bender*, 33 Mo. 80. This case also originated before a justice of the peace. See, also, 17 Am. and Eng. Encyclopedia of Law, p. 1111. (2) Gideons & Boyle were to do the sawing for half. Defendant hauled timber enough to make one thousand, six hundred and fifty feet of lumber and hauled it away as fast as it was sawed. Plaintiff, nearly four years afterward, sued him upon *quantum meruit* for value of work for sawing. This he had a right to do. And plaintiff was not limited to a recovery of his *pro rata* share of the valuation of the lumber sawed. *McCullough v. Baker*, 47 Mo. 401; 2 Sedg. on Damages [8 Ed.], sec. 654.

GILL, J.—This suit originated before a justice of the peace and was brought to recover a balance due for sawing some logs into lumber. Plaintiff and one

Gideon jointly operated a saw mill and made an arrangement with defendant to saw some logs, the understanding being that Boyle & Gideon were to have one half the lumber for sawing. Defendant delivered logs which yielded one thousand, six hundred and fifty feet of lumber, but instead of leaving the one half at the mill for Boyle & Gideon, he took it all away, promising, however, to bring other logs from which Boyle & Gideon might get their part. After about five years had expired and defendant had failed to supply any more logs, and failed, too, to pay Boyle & Gideon anything for the sawing, plaintiff, claiming to be the sole owner of the account, instituted this action. In the circuit court where the cause was tried on appeal plaintiff had a verdict and judgment for $7.67 and defendant appealed.

Defendant attacks the judgment on several technical grounds, none of which have any merit. It is said that the plaintiff did not show himself entitled to sue on the account,—that it was a chose in action belonging jointly to plaintiff Boyle & Gideon, and that therefore neither of them could sue alone therefor. The contention is without merit. The testimony stands quite uncontradicted (and the jury so found) that before the suit was commenced, plaintiff bought out the interest of Gideon in the account. Plaintiff thereupon became the real party in interest and was the only proper party plaintiff. That there was no assignment *in writing* is of no consequence; an oral contract of purchase was sufficient.

Neither do we discover any substantial objections to the instructions. Since the defendant refused to pay for the manufacture of the lumber by delivering to the plaintiff the one half thereof, as he had agreed to, he had broken the terms of the contract, and plaintiff was entitled to abandon the special contract and sue in

*quantum meruit* for the reasonable value of such work. Nor did instruction number 2 ignore the alleged defense of the statute of limitations. The jury were not authorized by said instruction to give plaintiff the verdict, unless they should find that the account accrued within five years.

This was not an action on a special contract and therefore the objection that plaintiff could not sue on a special contract and recover on *quantum meruit*, is not well taken. It was such a statement as, being filed with the justice, would authorize recovery whether the evidence would show the one or the other. *Lemon v. Lloyd*, 46 Mo. App. 456, 457; *Johnson v. Loomis*, 50 Mo. App. 144.

In none of the points suggested in defendant's brief do we find any reason for disturbing the judgment and it will therefore be affirmed. All concur.