S. H. BUSCHMANN *et al.*, Respondents, v. J. P. BRAY,
Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Contract**: INSTRUCTION : EVIDENCE. In a suit to recover for materials furnished and work done under a contract, it was error to instruct the jury to find for plaintiffs its reasonable value, where there was no satisfactory evidence of the reasonable value of the work, nor of a contract price from which reasonable value was inferable.

2. ————: QUANTUM MERUIT : STATEMENT BEFORE JUSTICE. A statement before a justice of the peace may authorize a recovery on a special contract or *quantum meruit* as the evidence may warrant.

3. ————: BREACH : INSTRUCTION : MEASURE OF RECOVERY. An instruction that if plaintiffs contracted to do work according to certain specifications, and in a workmanlike manner, and failed to do so, they could recover nothing, was erroneous. Though a contractor may fail to comply with his contract in some particulars, he may, notwithstanding, recover from the landowner the reasonable value of the work and materials less any damage the defendant may have sustained by breach of the contract.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN M. WOOD, Judge.

REVERSED AND REMANDED.

*Henry R. Hall* for appellant.

The court erred in instructing the jury what to find the facts to be. *Hanlon v. O'Keeffe*, 38 Mo. App. 273.

Instructions given not supported by the evidence are erroneous, and where the suit is based on a contract with evidence only supporting a contract, it is error to instruct the jury to find for the reasonable value of the material and labor. *Gessley v. Mo. Pac. R'y*, 26 Mo. App. 156; *McMurrey v. Martin*, Id. 437, 442; *Mohney v. Reed*, 40 Id. 99; *Eyerman v. Mt. Sinai Cemetery Ass'n*, 61 Mo. 489; *Davis v. Brown*, 67 Id. 313.

*A. Gfeller* and *J. R. Myers* for respondent.

Where work is done under a contract and suit brought on *quantum meruit*, in the absence of any evidence as to the value of the work, the contract price is presumed to be the fair and reasonable value of the work. *Rude v. Mitchell*, 97 Mo. 365.

BIGGS, J.—This action, which was commenced before a justice of the peace, is to recover for work done and materials furnished in the construction of granitoid sidewalks and terrace steps. The account filed before the justice is as follows:

"J. P. Bray, to Western Granitoid Co., Dr.

(S. H. Buschman and F. E. Carroll, doing business as above, etc.)

To granitoid work on residence property on Cates avenue between Hamilton and Goodfellow:

| | |
|---|---|
| Outside walks, 50x6 at 17½c..................................... | $ 52.50 |
| Driveway, 6x8 at 2c............................................ | .96 |
| Terrace steps, 30 ft. at 80c.................................... | 24.00 |
| Walk from terrace steps to front porch and from front porch to side porch, 189 sq. ft. at 17c................................ | 33.50 |

$110.96"

On a trial in the circuit court the plaintiffs' evidence was to the effect that the work was done under certain specifications, which were agreed on beforehand, but there was no evidence by either party that INSTRUCTION: the price for the work had been agreed evidence. upon. The plaintiffs' evidence tended to prove that they completed the work according to contract, and that it was done in a good workmanlike manner. This was the extent of their proof.

On the other hand, the defendant's evidence was to the effect that it was a bad job; that the walks and the steps of the terrace had cracked, and that the walk had sunk in several places; that the bed of cinders, the granitoid, and the top layer of cement, were not in ac-

cordance with the specifications. The jury returned a verdict for $116.71, upon which a judgment was entered. The defendant has appealed, and complains of the plaintiffs' instruction.

The instruction complained of is as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant employed plaintiffs about September, to furnish material and labor and to make for him granitoid pavements, walks, and terrace steps, as charged for in plaintiffs' claim, and sued for in this cause. That you further find that the plaintiffs furnished material and labor and made the said granitoid pavements, walk, and terrace steps as set out in plaintiffs' claim in a good workmanlike manner and made a first-class job of said work in accordance with the agreement for the doing of said work; and if you further find *that the prices charged by plaintiffs are the fair and reasonable market value for the said granitoid pavement, walks, and terrace steps*, which you may find the plaintiffs made for defendant at the time of doing the work, then you should return a verdict in favor of the plaintiffs for the fair and reasonable value of the materials and labor required in constructing said paving and steps." The italics are ours.

Aside from its phraseology the instruction is objectionable, for the reason that there was no satisfactory evidence of the reasonable value of the work, nor of a contract price from which reasonable value is inferable. We have read the record, and the only evidence which has the least bearing on the question is the following from the testimony of one of the plaintiffs, viz.: "The first fifty feet was done under the petition, that was paid for; and the second fifty feet and the inside work amounting to $110.96 was not paid for." Q. "Is that the work you are suing for now?" A. "The second fifty feet terrace steps and inside walk." Q.

Buschmann v. Bray.

"What does that amount to?" *A.* "$110.96." The foregoing statements are too meagre and indefinite to be accepted as evidence of the reasonable value of the work.

The objection that the plaintiffs can not recover upon a *quantum meruit* is not well taken. A statement

QUANTUM meruit: statement before justice.

before a justice of the peace may authorize a recovery either on a special contract or *quantum meruit* as the evidence may warrant. *Boyle v. Clark*, 63 Mo. App. 473; *Lemon v. Lloyd*, 46 Mo. App. 452.

In view of a retrial we deem it proper to refer to the defendant's instructions, which were given by the court. They are to the effect that if the plaintiffs' con-

INSTRUCTION: measure of recovery.

tracted to do the work according to certain specifications and in a workmanlike manner and failed to do so, then they could not recover anything. This is not the law. Although a contractor may fail to comply with his undertaking in some particulars, he may nevertheless recover from the landowner the reasonable value of the work and materials, less whatever damage the latter may have sustained by breach of the contract. This has been the law of this state since *Yeats v. Ballentine*, 56 Mo. 530, and the doctrine of that case has been approved in many subsequent decisions. *Williams v. Railroad*, 112 Mo. 463; *Linnenkohl v. Winkelmeyer*, 54 Mo. App. 570; *Heman v. Improvement Company*, 58 Mo. App. 480.

The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.