J. T. CORNETT, Respondent, v. J. WALKER WOOL-RIDGE, Appellant.

Kansas City Court of Appeals, January 2, 1911.

1. **REAL ESTATE AGENTS: Compensation.** Plaintiff was employed to purchase a certain farm for defendant at a price stated, who agreed to pay him $100 for his services. Plaintiff reported that the owner would not sell at the price stated, but that the farm could be bought at another price, and defendant agreed to buy at the price last given, and availed himself of plaintiff's services in closing the deal. *Held*, that plaintiff could recover the amount agreed upon for his services.

2. ———: **Contract: Quantum Meruit: Evidence.** It is a well established rule of practice in justice courts that a cause of

action may be based on contract and yet plaintiff may recover on the *quantum meruit* or vice versa, and evidence as to the value of services may be properly admitted.

3. ————. Where one renders important services for another in the purchase of land, which the latter accepts and agrees to pay therefor, the fact that the purchase was not consummated at the price first authorized to be paid does not excuse liability for such services, notwithstanding the land was bought at a greater price.

4. ————: **Depositions.** Depositions taken in a proceeding before a justice of the peace are competent evidence in the trial of the case on appeal in the circuit court.

Appeal from Callaway Circuit Court.—*Hon. N. D. Thurmond*, Judge.

AFFIRMED.

*Clarence A. Barnes* for appellant.

(1) A real estate broker is ordinarily a special agent of limited authority and he is strictly confined to his instructions. The rule would be as strict against one not a real estate broker. See 19 Cyc. p. 196, sec. C. If an agent's employment be by special agreement, his right to compensation will be determined by the terms of the agreement exclusively. 1 Am. and Eng. Ency. of Law (2 Ed.), p. 1095, sec. 2; 1 Clark and Skyles on the Law of Agencies, p. 797, sec. 349; Same, p. 816, sec. 361; Brown v. Smith, 113 Mo. App. 59; Blackwell v. Adams, 28 Mo. App. 61. (2) Defendant's instructions in the nature of a demurrer for the jury to return a verdict for defendant should have been given, for the reason that the burden of proof was upon the plaintiff to establish his contract and pursuant thereto performed the services. Staehlin v. Kramer, 118 Mo. App. 329; Young v. Conrad Ruhwedel, 119 Mo. App. 231. (3) The defendant was entitled to the full conversation when plaintiff made demand of him and the court erred in excluding it, and he was entitled to show by witness

Pike to sustain the defendant and contradict the plaintiff as to the details of the conversation, and of plaintiff's testimony that defendant ever promised to pay plaintiff. 3 Law of Evidence by Jones, sec. 822, 826; Burghart v. Brown, 51 Mo. 600; Haver v. Schwyhart, 48 Mo. App. 50. (4) The court should have excluded the deposition of Mr. and Mrs. Hall, for the reason that they were taken in the justice of the peace court. The trial in the Callaway county circuit court being *de novo*. They were incompetent for any purpose, and for the further reason that the testimony as shown was taken upon the theory of an action in *quantum meruit* and not that the plaintiff was entitled to commissions under the contract. Bassford v. West, 124 Mo. App. 248; Beatch v. Norman, 109 Mo. App. 387.

*Barclay, Fauntleroy & Cullen* for respondent.

(1) The fact that defendant paid slightly more for the property that he directed plaintiff to offer for it does not deprive plaintiff of his commissions, inasmuch as plaintiff was the inducing cause of the sale and defendant availed himself of the plaintiff's service. Stende v. Blesh, 42 Mo. App. 581; Wetzell v. Wagoner, 41 Mo. App. 516; Henderson v. Mace, 64 Mo. App. 396; Wright v. Brown, 68 Mo. App. 582; Grether v. McCormick, 79 Mo. App. 325. (2) The alleged conflict between instruction No. 2 for plaintiff and the one given for the defendant is unavailing, because the instruction given for defendant is unduly favorable to him. Contradictory instructions will not authorize a reversal if the one least favorable to the party complaining is correct and the one most favorable to him is incorrect. Edmonston v. Jones, 96 Mo. App. 83; Hoehn v. Struttman, 71 Mo. App. 399; Reardon v. Railroad, 114 Mo. 384; Alexand v. Clark, 83 Mo. 482; Vait v. Railroad, 28 Mo. App. 372; Shel v. German Ins. Co., 60 Mo. App. 644. (3) Respondent cannot complain of the exclusion of

the testimony of Charles Pike. As a matter of fact, such testimony was improper, and properly excluded, but even if proper the objection was withdrawn and plaintiff refused to examine the witness.

BROADDUS, P. J.—This is a suit instituted in a justice court of Audrain county to recover one hundred dollars, which plaintiff alleges defendant agreed to pay him for his services as his agent in the purchase of a certain farm.

Plaintiff recovered judgment in the justice court from which defendant appealed. The venue of the cause was changed to Callaway county, where it was tried and plaintiff again recovered and defendant appealed.

The farm was owned by C. M. Hall, defendant's grandfather, and at the time was leased to him for a period of three years. On one occasion after the said lease was made the plaintiff who lived in the city of Mexico, Missouri, stopped at defendant's place of business, at which time he solicited him to purchase his grandfather's farm at "about twenty-five dollars or twenty-seven dollars an acre, along there somewhere," but no special price was mentioned.

The plaintiff saw Mr. Hall, who fixed a minimum price upon his farm of twenty-eight dollars per acre. Afterwards plaintiff met the defendant and informed him that the price of the farm was twenty-eight dollars per acre; and said to him: "Look here, there ain't no use in going down there to Hall's without you are willing to pay his lowest price of twenty-eight dollars." Both then went to the Hall place.

Plaintiff testified that before they went to Hall's he told defendant: "If you can't give twenty-eight dollars, there ain't no use in going down there at all. But he will take that. Now it is up to us whether there is a trade or not." That defendant then said: "Get in the buggy and we will go down," that when they got

there he said: "Gentlemen, I will state the facts to both of you." "Now, gentlemen, if you want to close this trade you understand it." A contract was then drawn up, a check of twenty dollars was paid Hall, and the trade was closed; and that afterwards defendant said to him: "You will get your money. I want to see whether some of those other parties will kick."

Defendant testified that on the way with plaintiff to the Hall home, the latter said to him, that the seller would pay the commission. This plaintiff denied. At the time the deal was closed the Halls asked plaintiff if they owed him anything. Plaintiff replied that they did not, but that Mr. Wooldridge would pay the commission.

Hall and wife testified as to the value of plaintiff's services over the objections of the defendant. Plaintiff assisted defendant in closing the deal and was entrusted by him with the title papers and directed to deliver them to his attorney.

At the close of plaintiff's evidence, defendant submitted a demurrer to his case which the court overruled. The court instructed the jury as follows on the part of the plaintiff. "Even though you may believe that it was the understanding and agreement that the plaintiff should be paid one hundred in the event he purchased for defendant the Hall farm at twenty-seven dollars per acre, and even though you may believe said farm was not purchased at that price, yet if you believe that plaintiff obtained a price of twenty-eight dollars per acre on said land and reported said fact to defendant and defendant agreed to buy said farm at that price and availed himself of the services of plaintiff in closing up the deal, then you should find for the plaintiff unless you believe he agreed with defendant that C. M. Hall was to pay the commission."

For the defendant the court gave the following instruction: "The court instructs the jury that if you believe from the evidence in this case that the plaintiff was

only authorized to act as the agent of defendant in purchasing the farm in Audrain county, Missouri, known as the Hall farm, at the price of twenty-seven dollars per acre, and that the plaintiff did not purchase the farm for defendant at that price, you will return a verdict for the defendant."

These two instructions are plainly in conflict, and the latter should not have been given. But as it was an error defendant invited, his complaint will not be heeded provided that given for the plaintiff contained a proper declaration of the law. [Edmonston v. Jones, 96 Mo. App. 83; Reardon v. Mo. Pac. Ry. Co., 114 Mo. 384.] It is a well established rule of practice in justice courts that plaintiff may base his cause of action on a contract and recover on *quantum meruit* or vice versa. [Boyle v. Clark, 63 Mo. App. 473; Lemon v. Lloyd, 46 Mo. App. 452; Bushmann v. Bray, 68 Mo. App. 8, and other cases.] And for the same reason there was no error in admitting the evidence of the Halls' as to the value of the plaintiff's services.

The other proposition of defendant is predicated upon the theory that the plaintiff was not entitled to recover under the evidence. We have stated some of the evidence, which went to maintain the issues on the part of the plaintiff, and the argument of the defendant and the evidence to which he refers only tends to disprove that of plaintiff. According to plaintiff's testimony, he rendered important services for defendant in the purchase of the land, which defendant accepted and promised that he would pay plaintiff for them.

The fact that the purchase was not consummated at the price of twenty-seven dollars an acre, the price defendant authorized plaintiff to pay for the land, did not excuse defendant from liability for services rendered by plaintiff, notwithstanding the defendant consummated the purchase at the greater sum of twenty-eight dollars per acre. [Wetzell et al. v. Wagoner, 41 Mo. App. 509; Carson v. Baker, 29 Pac. 1134.]

Finding no error the cause is affirmed. All concur.

## ON MOTION FOR REHEARING.

One of the contentions of the appellant on his motion is that, the court overlooked two objections made to the admission of the depositions of Hall and his wife. First, that there was no showing that they were not within the jurisdiction of the court and accessible to summons by hand of the sheriff. Second, Because said depositions were taken upon the theory that the action was founded upon *quantum meruit,* whereas it was founded upon contract. And was taken while the case was pending in the justice court, and therefore not competent on the trial *de novo* in the circuit court.

The appellant is mistaken in his statement that the court overlooked his objection to the admissibility of said depositions of Hall and wife. No such point is made in his assignment of errors, therefore it was not noticed. As to the objection that they were taken upon the theory of the value of plaintiff's services and incompetent for the reason that the action was based on contract. In the opinion there is a statement to the effect that it is admissible to sue on contract and recover on *quantum meruit,* without limiting the rule to justice of the peace practice. The correction is made in the opinion. There was a point made by appellant that the depositions were incompetent on the trial anew in the circuit court, because they were taken while the cause was pending in the justice court. In reference to this question we will only say that at no previous time has it been raised in any court of the state, that we are aware of, evidently for the reason that it was not considered good law. And for the further reason, that it is a well established rule of practice in this state that evidence taken in a proceeding by deposition pending between given parties is competent evidence in any other proceeding between them, upon the same issues.

The appellant's insistent objections that the instructions for plaintiff permitted a recovery on contract whereas the finding was on *quantum meruit*, perhaps requires further notice. The instruction copied into the opinion does not in our opinion place plaintiff's right of recovery on contract but upon the value of his services rendered, and accepted by defendant without reference to any contract, theretofore existing between the parties. And the two other instructions given for plaintiff are practically to the same effect.

The judgment was clearly for the right party. Motion for rehearing overrled.