WILLIAM F. CARROLL, Appellant, v. THOMAS J. LEMMONS, Respondent.

Springfield Court of Appeals, June 3, 1912.

1. PRINCIPAL AND AGENT: Loan Agent: Incurring Expenses. In an action by a loan agent to recover a commission and the cost of the abstract and the expenses incurred in perfecting defendant's title to the real estate, which was to secure the loan; the making of the application for the loan by the defendant and agreeing therein to pay for the abstract and expenses in perfecting the title were admitted. It was further admitted that the defendant refused after the abstract had been made and the other expenses incurred, to complete the transaction. *Held*, that the verdict of the jury in favor of the defendant was against all the evidence and the instruction of the court so far as the same related to the items for cost of the abstract and the court should have set the same aside.

2. ACCOUNTS: Assignments: Justice Courts. Where the plaintiff having authority from the defendant to do so, had ordered an abstract from the abstracter and the latter's account therefor was turned over to the plaintiff and thereafter the plaintiff instituted a suit against the defendant on account of the cost of the abstract, the assignment to the plaintiff of the abstracter's account was *held* legal, although no written assignment thereof was executed until after the case was tried before the justice.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*William F. Carroll pro se,* appellant.

(1) Where a broker employed to negotiate a loan obtains one ready and willing to make the loan and it turns out that the title to the real estate is imperfect, so that the loan is not made, he is entitled to his commission; also where the borrower changed his mind and refused to accept the loan. Fitch on Real Estate Agency, 113.    (2)    A new trial should be granted where the verdict is against the weight and the entire current of the testimony or verdict contrary to the law and evidence. Taylor v. Fox, 16 Mo. App. 529; Choquette v. Railroad, 152 Mo. 257.    (3) In the absence of fraud, accident or mistake, it is conclusively presumed that the whole engagement and the extent and manner of their understanding was reduced to writing. May v. Ins. Co., 72 Mo. App. 286; Robinson v. Jarvis, 25 Mo. App. 421.

*Lamar, Lamar & Lamar* for respondent.

GRAY, J.—The plaintiff is a loan agent representing Wells & Adams, of Quincy, Ill.  On the second day of April, 1910, the defendant made an application in writing to Wells & Adams for a loan of $800 on his real estate.  By the terms of the application the defendant agreed to furnish an abstract of title to his property and to pay the expenses incurred in perfecting the title.  In the same application the defendant appointed the plaintiff his attorney to procure the loan.  After the execution of the application, the plaintiff ordered an abstract at a cost of nine dollars, and secured and paid for some affidavits regarding the title to meet certain requirements of Wells &

Adams. The defendant refused to take the loan and plaintiff instituted this suit before a justice of the peace of Texas county, to recover his commission, costs of the abstract, expenses of procuring the affidavits, and a fee of ten dollars for work perfecting the title. The application to Wells & Adams was assigned to the plaintiff. The judgment in the justice court was for the defendant and plaintiff appealed to the circuit court, where the cause was tried before a jury, resulting in another judgment in favor of the defendant, and plaintiff has appealed to this court.

The plaintiff offered no testimony regarding his commission, but the fact that he paid for the affidavits and ordered the abstract, and that the abstract, at the regular fees for same, amounted to nine dollars, was undisputed. The defendant said, at the time the application for the loan was made, it was estimated the abstract would cost about four dollars, but the written application, signed by him, provided that he was to furnish a complete abstract of title. The account for the abstract was assigned in writing to the plaintiff, but this was not done until after the case was tried before the justice. The plaintiff and the abstracter testified, however, that the account was delivered to the plaintiff before the suit was instituted.

The court gave the following instruction: "The jury are instructed that if they believe the defendant authorized the plaintiff to order an abstract of title to his land for the purpose of a loan and plaintiff did so, that the defendant is owing the plaintiff the reasonable value of said abstract and the jury should find for the plaintiff."

The following instruction asked by the plaintiff was refused: "The jury are instructed that it is only necessary for the plaintiff to show he had substantially performed his contract. If the defendant changes his mind and prevents the plaintiff from fully completing

the contract, that does not deprive the plaintiff of moneys agreed to be paid by the defendant or expenses incurred by plaintiff for the defendant for abstract of title or notary fees or expenses incurred in attempting to perfect the title to the land offered as security for a loan.''

The making of the application for the loan and agreeing therein to pay for the abstract and expenses in perfecting the title was admitted. It was further admitted that the defendant refused, after the abstract had been made and the other expenses incurred, to complete the transaction. The plaintiff had ordered the abstract from the abstractor, and the latter's account therefor was turned over to plaintiff before the suit was instituted before the justice. The assignment was legal. [Johnson Co. v. Bryson, 27 Mo. App. 341; Boyle v. Clark, 63 Mo. App. 473.]

The verdict of the jury was against all the evidence and the instruction of the court so far as the same related to the item for costs of the abstract and the court should have set the same aside.

The judgment will be reversed and the cause remanded. All concur.