H. C. SWIFT, Appellant, v. WALLACE JOHNSON, Respondent.

St. Louis Court of Appeals, June 24, 1913.

1. **CONTRACTS: Recovery on Quantum Meruit: Variance.** In an action for services in baling hay for defendant, instituted in a justice's court and taken to the circuit court by appeal, although plaintiff claimed that it was agreed that he should bale five tons of hay for defendant as compensation for the use of defendant's baling machine in baling his own hay and that he should be paid $2 a ton for all hay baled by him for defendant in excess of five tons, the evidence tended strongly to show that there was no meeting of the minds as to the amount of hay he should bale as compensation for the use of the machine. The statement filed warranted a recovery on a *quantum meruit*, and evidence as to the reasonable value of baling defendant's hay and as to the reasonable rental value of the machine was introduced. *Held*, that the court erred in

limiting plaintiff to a recovery on the express agreement as claimed by him, and in refusing to charge that, even if there was no agreement as to what he was to be paid for his services, he was entitled to the excess of the reasonable value of such services over the reasonable value of the use of the baling machine in baling his own hay.

2. **JUSTICES' COURTS:** Pleading: Recovery on Contract or Quantum Meruit. Where, in an action for services, instituted in a justice's court, the statement is merely one of an account, a recovery may be had either on a *quantum meruit* or on a special contract.

3. **CONTRACTS:** Recovery on Quantum Meruit: Limitation of Recovery: Damages. Where, in an action on a *quantum meruit*, the evidence establishes a special contract, the measure of recovery is limited to the amount specified in the contract.

4. ———: Implied Contract: Compensation for Services. Where services are rendered and accepted under a contract therefor, but there is no meeting of the minds as to compensation, the law implies a contract to pay the reasonable value of such services.

Appeal from Audrain Circuit Court.—*Hon. James P Barnett*, Judge.

REVERSED AND REMANDED.

*A. C. Whitson* for appellant.

The action originating in a justice's court by suit on account, the plaintiff was entitled to recover on a *quantum meruit*, and evidence as to customary charge for use of baler and the customary charge for baling hay was admissible. Fullerton v. Chloss, 104 Mo. App. 195; Walker v. Guthrie, 102 Mo. App. 240; Metz v. Eddy, 21 Mo. 13; Bushman v. Bray, 68 Mo. App. 11; Boyle v. Clark, 63 Mo. App. 476; Lemon v. Lloyd, 46 Mo. App. 456.

*Clarence A. Barnes* for respondent.

NORTONI, J.—This is a suit on an account for the value of services rendered and wire used in baling

hay for defendant.  The finding and judgment were for defendant and plaintiff prosecutes the appeal.

The suit originated before a justice of the peace and involves thirteen dollars only.  Plaintiff and defendant are farmers residing in the same neighborhood.  Defendant owned a hay baling machine and plaintiff rented it for the purpose of baling some hay for himself.  It appears plaintiff met defendant in the public road and proposed renting the baling machine for the purpose mentioned.  The evidence concerning the conversation in connection with this proposal is not uniform.  Both parties say that plaintiff desired the use of the machine to bale about nineteen tons of hay, but beyond this witnesses do not agree as to what the arrangement was.

According to plaintiff's evidence, it was agreed that he should use defendant's hay baler and as compensation therefor furnish the labor and bale five tons of hay for defendant which defendant owned and was standing in the stack.  It was further agreed that if there were more than five tons of hay in the stack, defendant would pay plaintiff two dollars per ton for baling it.  Plaintiff proceeded and baled the hay owned by him and then went about baling that owned by defendant to pay for the use of the machine.  In all, plaintiff says he baled thirteen and one-half tons of hay for defendant, which, at two dollars a ton, amounted to twenty-seven dollars.  In performing this work he employed wire of the value of $1.20, and all the evidence is defendant agreed to pay for the wire used in baling his hay.  The two items of baling thirteen tons of hay at two dollars per ton and $1.20 for wire total the amount of $28.20.  This amount is credited, ten dollars which represents the five tons of hay at two dollars per ton which plaintiff agreed to bale for defendant in payment of the use of his machine in baling the hay owned by plaintiff.  After the work was done, it appears defendant paid plaintiff $5.20 on the ac-

count, and this amount is credited thereon, leaving a balance due, according to plaintiff's theory of the case, of thirteen dollars.

On the part of defendant, the evidence tends to prove that plaintiff agreed to bale, not five, but rather ten, tons of hay for him for the use of the machine in baling about nineteen tons owned by plaintiff. It thus appears that there is a discrepancy in the evidence to the extent of baling five tons of hay. Moreover the evidence for defendant tends to prove that the hay baled by plaintiff for defendant did not weigh out as heavy as plaintiff seems to claim and therefore this shortage in weights must be deducted from the amount of plaintiff's claim. Furthermore, on the account, as before said, defendant paid $5.20 to compensate $1.20 for wire used and the baling of one and one-half tons of hay by plaintiff for defendant over and above the ten tons which it is said plaintiff agreed to bale for the use of the machine. There is evidence, too, tending to prove the reasonable value of the labor performed in baling hay, when the owner of the hay furnishes the machine, as here, is two dollars per ton. Furthermore that the reasonable rental of a hay baling machine, when let out to another who furnishes the labor and bales his own hay, is fifty cents per ton.

Though the court admitted evidence tending to prove the reasonable value, as above stated, it refused to submit plaintiff's right of recovery as in *quantum meruit*. By the instructions given, the court required the jury to find for defendant unless it found the contract to be as plaintiff stated it in his evidence. This, it is urged, was error in view of the fact that the court refused plaintiff's instruction authorizing a recovery as in *quantum meruit*, in event the jury found there was no agreement between the parties. It may be that, if nothing more appeared than that plaintiff insisted upon a contract specifying certain terms on the one part and defendant denied the terms of the contract in

part, as here, the instruction given, without more, would be well enough; but the evidence seems to suggest with great force that there was no actual contract whatever between the parties beyond the mere letting of the machine by defendant to plaintiff and the engagement on the part of plaintiff to bale hay for defendant in return. It is certain the parties agreed to this extent, but there is grave doubt, under the evidence, as to whether they understood each other respecting the terms of the contract imposing the condition upon plaintiff to bale a certain amount for defendant. As to this matter, plaintiff says he was to use defendant's machine and bale five tons of hay for him in compensation for the use of the machine in baling nineteen tons for himself.

A witness for defendant, his hired man, Hill, says he was present, is somewhat hard of hearing but, as he understood it, plaintiff was to bale ten tons of hay for defendant. Defendant did not testify pointedly touching this matter. He related the general outlines of the conversation, but at no place stated it to be a fact that plaintiff agreed to bale ten tons of hay for him. Indeed, defendant's evidence is somewhat ambiguous on this matter, though it cannot be said to be evasive. It appears defendant insisted that there was a misunderstanding between the parties touching the number of tons of hay which plaintiff was to bale for him. Moreover, at one place in defendant's testimony, in relating his conversation with plaintiff about the transaction, defendant says, speaking to plaintiff: "To show you I don't want you to bale hay for nothing, all over five tons these two ricks will make I will pay you two dollars a ton."

It seems that both these parties acted in good faith and there is much in the case tending to show that there was no actual meeting of the minds on this particular term of the contract. The baling of ten tons of hay for defendant would yield a service, according to the undisputed evidence, of the value of twenty dollars—i. e.,

two dollars per ton—for the use of the machine by plaintiff in baling nineteen tons of hay, which represents in value but $9.50—that is, fifty cents per ton—while the baling of five tons of hay, as plaintiff says the agreement was, would amount to services of the value of ten dollars for the rent of the machine in baling nineteen tons of hay at fifty cents per ton for the use of the machine—in all, amounting to $9.50.

That plaintiff did not use the machine to bale more than nineteen tons for himself is established beyond question and not controverted. That two dollars per ton is a reasonable and usual charge for baling hay for another who owns the machine, as here, is established, too, beyond controversy in the case. That fifty cents per ton is the usual charge for the use of a machine by one who furnishes the labor baling hay for himself is establshed too. All of these facts tend with great force to corroborate plaintiff's theory of the case. When these established facts are considered in connection with the further fact that defendant, himself, though testifying, omitted to state the agreement to be that plaintiff should bale ten tons for him, as his hired man, Hill, said he understood it, it seems clear the court erred in refusing to submit the hypothesis that, in the event there was no agreement between the parties touching this matter, then plaintiff was entitled to recover as in *quantum meruit*. There is nothing in the pleading which precludes a recovery as in *quantum meruit*—that is, plaintiff is not committed thereby to an express contract. Indeed, as before stated, the case originated before a justice of the peace and the statement is merely one of an account. Such being true, it was competent for plaintiff to recover in *quantum meruit* for the reasonable value, as well as on a special contract, if the evidence revealed one. [See Lemon v. Lloyd, 46 Mo. App. 452; Johnson v. Loomis & Snively, 50 Mo. App. 142; Boyle v. Clark, 63 Mo. App. 473.] However, where a recovery is sought as in *quan-*

*tum meruit* and the evidence reveals a special contract, the measure of the recovery is to be limited to, or, in other words, must not exceed, the amount specified in the contract. [See Mansur v. Botts, 80 Mo. 651; Cozad v. Elam, 115 Mo. App. 136, 91 S. W. 434.]

Plaintiff requested the court to give the following instruction on the theory of *quantum meruit* as if it appeared there was no agreement between the parties— that is, a misunderstanding as to the amount of hay plaintiff should bale for defendant for the use of the machine in performing a like work for himself—and the court refused it:

"The court instructs the jury that if you find from the evidence that in the fall of 1910 plaintiff at the request of defendant baled hay for defendant and used defendant's baler in baling said hay and in baling his own hay; and that it was not agreed and understood between the plaintiff and defendant what defendant was to pay for such services or what plaintiff was to pay for the use of said baler, you will find for plaintiff if the reasonable value of such services and the wire used in such baling for defendant exceeds the reasonable value of the use of said baler by the plaintiff together with the amount paid plaintiff by defendant on said services which is $5.20; and your verdict will be for the plaintiff for such excess if any not to exceed the amount of thirteen dollars, the amount claimed by plaintiff in his statement."

In the circumstances of the case, there can be no doubt that the court erred in refusing this instruction. Though it appears from the evidence for both parties that they sought to contract, it appears to be highly probable, too, that there was no meeting of the minds touching the particular term of the contract defining the number of tons of hay which plaintiff agreed to bale for defendant, to the end of compensating the use of the machine in his own behalf. No one can doubt that if the minds of the parties failed to meet upon this par-

ticular matter, plaintiff is entitled to recover the reasonable value of such beneficial services as he rendered to defendant and were accepted by him under the arrangement, on which in part they mistakenly embarked. In such circumstances, the law implies a contract in accord with the precepts of natural justice to compensate the reasonable value. [Lemon v. Lloyd, 46 Mo. App. 452, 456, 457; Yeats v. Ballentine, 56 Mo. 530; Buschmann v. Bray, 68 Mo. App. 8; Boyle v. Clark, 63 Mo. App. 473.]

From instructions given the jury to the effect that plaintiff must establish the contract—which, of course, included all its terms—before a recovery could be had in his favor and that the burden of proof touching that matter devolved upon him throughout, the prejudicial error in refusing to submit a predicate of recovery as in *quantum meruit* becomes obvious; for, though it appears the parties agreed in part, if plaintiff were unable to establish by a preponderance of the evidence, as the jury viewed it, that the agreement involving the baling of but five tons of hay on his part for the use of the machine, the finding, according to the instructions should be, as it was, for defendant; whereas, even though they agreed in part, if a misunderstanding obtained as to this matter, then plaintiff was not required to prove a contract with respect to it, in order to authorize him to recover, but may have the requisite relief on a finding of such misunderstanding and the reasonable value of the services rendered which were accepted by defendant.

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.