THOMAS BLACKBURN AND VINSON BENSON, ADM'RS OF EDEN BENSON, Respondents, *v.* JAMES HARRISON, Appellant.

*Contract — Estoppel.*— An agreement not to sue for a certain period after the maturity of a note is no bar to an action upon the note—Bridge v. Tierman, 36 Mo. 439.

### Appeal from St. Louis Circuit Court.

*Cline & Jamison,* for appellant.

I. The allegations in the plaintiffs' petition as to their being the administrators of Eden Benson, the payee of the note

sued on, and of the decease of said Benson, were material ones, as upon the proof of them depended the right of the plaintiffs to maintain this suit; and as they were properly put in issue by the answer, the plaintiffs could not rightly recover without proving such allegations—Wales v. Chamblin, 19 Mo. 500; 2 Greenl. Ev. § 478; 1 Wms. Exec. 332; 2 Steph. Nisi Prius, 1904; Thompson v. Donaldson, 3 Esp. 63; 3 Phil. Ev. 662.

*Wood & Mauro*, for respondents.

I. The court below did not err in striking out a portion of defendant's answer. The portion stricken out does not set up any valid or legal defence to plaintiffs' cause of action —2 Pars. N. & B. 501, and authorities cited; id. 538–9; Atwood v. Lewis, 6 Mo. 392.

HOLMES, Judge, delivered the opinion of the court.

In this case, the error complained of consists in the striking out of a part of the defendant's answer. The suit was upon a negotiable promissory note. This portion of the answer set up as a defence some indistinct verbal understanding as to the time when the note should be paid, depending upon the payee removing certain squatters off the land for the purchase money of which the note was given. The land had been conveyed to the defendant, but the squatters had not been removed. This was no such agreement as could alter or vary the terms of the written instrument. If there were any such agreement, it might be made the ground of an action for damages, but it was no defence to the action on the note—Bridge v. Tierman, 36 Mo. 439. There was no error in striking out the answer.

The judgment will be affirmed, with ten per cent. damages. The other judges concur.

Motion for rehearing overruled.