AHLSTROM, RESPONDENT, *v.* FITZPATRICK, APPELLANT.

[Submitted November 11, 1895. Decided December 25, 1895.]

CONTRACTS—*Uncertainty*—Where a bank upon which a debtor has given his check in settlement of a debt, suspends before the presentation of the check, an agreement by the creditor to extend the time of payment of the debt until the bank should resume payment, is void for uncertain'y.

*Appeal from the Sixth Judicial District, Meagher County.*

ACTION for services rendered. Judgment was rendered for plaintiff below by HENRY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff brought this action to recover $312 for work, labor, and services as a farm hand performed for the defendant.

The answer of the defendant set up that on the 24th of July, 1893, he had funds in the First National Bank of Helena, in an amount more than $312; that on that day he gave to the plaintiff his checks on his funds in that bank for $312; at that time the bank was doing business and meeting its obligations; that on the 27th day of July, 1893, the bank suspended payment, and has not yet resumed; that the defendant never presented the checks for payment, but negligently withheld them. The answer further sets up that about the last day of July plaintiff and defendant learned that the bank had suspended, and, the checks still being held by the plaintiff, it was agreed between the plaintiff and defendant that the time for paying defendant's debt to plaintiff should be extended until the bank should resume payment, and that, in consideration of such extension granted by plaintiff to defendant, defendant would employ plaintiff on his ranch at $30 per month until the bank resumed; that under this agreement plaintiff worked a week for defendant, and refused to work any longer; that defendant has always been willing to carry out his agreement as to the extension of the payment; that defendant is informed and believes that the bank will resume business on or about January 1, 1894.

This answer was filed December 8, 1893. The plaintiff moved for judgment on the pleadings. This motion was granted, and judgment entered for the plaintiff. The defendant appeals from the judgment.

*Thompson & Maddox,* for Appellant.

DE WITT, J.—The question in this case is, did the answer present an issue? We are of opinion that it did not, and that the judgment on the pleadings was correct. Appellant correctly contends that forbearance is a valuable consideration for a promise. But there is a question in the case as to whether there was a consideration for the forbearance. Was the agreement to employ Ahlstrom a consideration for the forbearance, or was it not true that the services of Ahlstrom were a consideration for the $30 per month, and the $30 per month a

consideration for the services, and did not these mutual considerations exhaust themselves, in their operation against each other? (*Ide* v. *Leiser*, 10 Mont. 5; *Hale* v. *Forbis*, 3 Mont. 395.)

But, passing the question suggested in the last paragraph, we are of opinion that the agreement to forbear and extend time, as set up in the answer, was void for uncertainty. The answer alleges that defendant is informed and believes that the bank will resume payments on January 1st, but this is only an allegation of defendant's information and belief at the time of filing the answer. It is not alleged to be a fact, nor is it alleged that defendant was informed or believed at the time of the alleged agreement to forbear that the bank would resume payments at any time. There is no showing whatever that, when the alleged forbearance agreement was made, there was any certainty that the bank would ever resume payments. We do not think that it can be presumed as a fact, without an allegation thereof, that a suspended bank will resume at a given time, or ever. Thus, the time of the alleged extension was not only wholly indefinite, but for all that appears the extension might last for all time.

We quote as follows from 3 Rand. Com. Paper, §§ 1819, 1820: "To constitute a valid extension of time, there must be a binding agreement to that effect." Section 1819. "The time of an extension, however short, must be definitely fixed. An agreement for an indefinite time will not be sufficient. So the maker cannot set up a contemporaneous written agreement not to sue at maturity, although he may have an independent action for damages for breach of such agreement. And this is true, in general, of an agreement on the holder's part not to sue until a given time after maturity. So the holder cannot set up a verbal agreement that the bill might be paid in installments other than as provided by its terms." Section 1820.

It is said by Rapallo, J., in *Atlantic Nat. Bank* v. *Franklin*, 55 N. Y. 238: "The only consideration claimed by the plaintiff to have been shown is the forbearance of a call loan previously ex-

isting. But there was no valid agreement for such forbearance. No engagement was entered into by the plaintiff, upon the receipt of these notes, which would have precluded it from demanding payment of the loan the moment after the receipt of the notes in question. Van Saun & Co., having been called upon by the plaintiff to pay the $30,000 call loan, said they did not want to pay it just then, but would give the plaintiff additional security if it would allow the loan to remain a little longer. They then brought the notes in suit to the bank, and the president took them and put them with the other collaterals. No definite extension was agreed upon. This was not a valid agreement for forbearance. (*Bank* v. *Ives*, 17 Wend. 501.) Mere indulgence, without a valid agreement for forbearance, does not constitute a valuable consideration. (*Stalker* v. *McDonald*, 6 Hill 93, 114.)

We quote as follows from *Ward* v. *Wick*, 17 Ohio St. 159: "Now, if it be conceded that the accommodation character of this paper gave to the Porters, in equity, the position of principals, and to Ward & Co. that of sureties, yet is any valid contract shown to have been made for the extension of the time of payment by the principal so as to discharge the surety? To have that effect, it must not only be founded on a good consideration, but it must also be definite in its terms; 'such a one as the principal debtor could enforce, and which would tie up the hands of the surety,—prevent him from paying his principal's debt, stepping into the shoes of his creditor, and prosecuting the principal debtor himself.' (*Jenkins* v. *Clarkson*, 7 Ohio, pt. 1, p. 72.) The agreement here was to give time for payment beyond the day of maturity of the notes. Without such agreement no action could have been brought on them until after maturity. By its terms, how much longer was the creditor bound to wait? Such a stipulation is void for uncertainty. It amounts to nothing more than a general promise of indulgence, and can tie up the hands of no one." See, also, *Boardman* v. *Larrabie*, 51 Conn. 39; *Benson's Adm'rs* v. *Harrison*, 39 Mo. 303.

We are of opinion that this alleged contract for extension was

void for uncertainty, and that it was no defense to the cause of action stated in the complaint.

Although alleged in the answer, it is not contended upon the argument that the delay of Ahlstrom in cashing the checks was negligence.   We suppose that this point is abandoned for the reason that the time between giving the checks and the suspension of the bank was only three  days, and the respondent was remote from  the bank  and  railroad communication. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.