SCHWAB, APPELLANT, *v.* McVEY, RESPONDENT.

(No. 3,869.)

(Submitted February 1, 1918. Decided February 14, 1918.)

[171 Pac. 277.]

*Contracts—Leases of Farm Lands—Uncertainty—Invalidity.*

1. In an action by a lessor to recover his share of grain alleged to have been raised by the defendant under a contract of lease of agricultural land, the only definite portion of which was that which secured to defendant (without naming a consideration) the possession of the land for a specified time but which did not bind him to do anything or raise any grain, the contract *held* void for uncertainty under section 4999, Revised Codes.

[As to a lessor's reservation of lien on or title to crops raised by lessee, see note in 14 Am. St. Rep. 166.]

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by George Schwab against Worth McVey. Judgment on directed verdict for defendant and order denying new trial, and plaintiff appeals. Affirmed.

*Mr. H. C. Packer* and *Mr. E. C. Kurtz,* for Appellant, submitted a brief; *Mr. Packer* argued the cause orally.

*Mr. Geo. T. Baggs,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action in claim and delivery was brought to recover possession of certain grain, or its value in the event that possession cannot be had. By his answer, defendant admits that he is in possession of the property and admits its value as claimed by plaintiff. He denies all the other allegations of the complaint and, by way of affirmative defense, alleges that on March 10, 1913, he leased from plaintiff for a term of five years a ranch consisting of 800 acres of unbroken land; that during the season of 1913 he broke 127 acres; that in 1914 plaintiff solicited him to break additional ground, but that he refused to comply except upon condition that he be given the entire crop to be raised on such newly plowed ground during the first crop season; that plaintiff agreed to this condition; that he (defendant) plowed 100 acres of sod and seeded it to grain in the spring of 1915; and that the grain in controversy was raised on that 100 acres during the first crop season after it was broken. The reply admits the execution of the lease of March, 1913, and denies all other allegations of the answer. At the conclusion of the testimony the court directed a verdict for defendant, and plaintiff appealed from the judgment and from an order denying him a new trial.

There is not any substantial conflict in the evidence. Either plaintiff or defendant was entitled to prevail as a matter of law, and the only question presented by the record is: Did the trial court err in directing the verdict for defendant?

The lease of March, 1913, names the plaintiff as first party and defendant as second party, fixes the term at five years, refers to the land leased, and then contains this paragraph only: ''It

being understood and agreed between both parties that no rent shall be paid for the year ending March 1, 1914, and that thereafter said first party shall receive one-third of all the crop raised each year, his share of same to be delivered at the thresher to the said first party, said second party to have the threshing done at his expense; it being also understood that one-half the increase from any stock placed upon the land during the life of this lease, by said first party, shall belong to said first party; it also being understood that any and all improvements put upon the land shall be so placed by the second party."

The trial court held this lease void for uncertainty, and held further that the only binding contract between the parties was the oral agreement of 1914, under which defendant plowed the 100 acres and raised thereon the grain in controversy.

Upon the trial, counsel for the respective parties proceeded upon the theory that the written lease is valid, that defendant [1] relies upon the oral agreement as constituting a modification of the terms of the lease, and that the only controversy arises over the question: Was that oral agreement executed or executory? If it were necessary to a determination of these appeals to do so, we should be inclined to hold that the oral agreement was fully executed and that evidence of its terms was properly admitted under section 5067, Revised Codes, or that the judgment might be justified upon a different theory, *viz.*, the lease does not require McVey to do any plowing, and therefore the agreement under which the plowing was done and the crop raised in 1915 was an agreement independent of the lease and not a modification of it; but we agree with the trial court that the lease of 1913 is void for uncertainty. The only definite provision in it secures to defendant the possession of the land for five years, but there is not any consideration for this agreement. Beyond that, the lease does not bind either party to do anything. It does not provide that any plowing shall be done. It provides that after the first year Schwab shall receive one-third of all the crops raised each year, but it does not require McVey to raise any crops. It also provides that Schwab is to

have one-half of the increase of any stock he may place on the land during the life of the lease, but it does not require him to place any stock on the land. It also provides that any and all improvements put upon the land shall be so placed by McVey, but it does not require any improvements to be placed on the land.

It is an elementary rule of law that, to constitute an enforceable contract, the agreement of the parties to it must be sufficiently certain and explicit that their full intention may be ascertained to a reasonable degree of certainty. (6 R. C. L., p. 644.) "If an agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties, it is void; for neither the court nor the jury can make an agreement for the parties." (*Price* v. *Stipek,* 39 Mont. 426, 104 Pac. 195.) Section 4999, Revised Codes, provides: "Where a contract has but a single object, and such object is * * * so vaguely expressed as to be wholly unascertainable, the entire contract is void."

We approve the disposition made of this case by the trial court. The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.