DONOVAN, Respondent, *v.* BULL MOUNTAIN TRADING
CO., Appellant.

(No. 4,364.)

(Submitted April 19, 1921.   Decided May 16, 1921.)

[198 Pac. 436.]

*Oral Contracts—Work and Labor—Indefiniteness—Quantum
Meruit—Special Contract—Measure of Recovery.*

Oral Contracts—Work and Labor—Complaint—Insufficiency.
   1.   The complaint in an action to recover compensation for extra ser-
   vices performed, which fails to state any time or basis for computing
   the claim, is indefinite.

Same—When Void for Indefiniteness.
   2.   An agreement, verbal or written, to be binding, must be suffi-
   ciently definite to enable the court to fix an exact meaning upon it,
   and if it is so vague and indefinite as to make it impossible to col-
   lect from it the full intention of the parties, it is void.

Same—Work and Labor—Extra Compensation—Void for Indefiniteness.
   3.   *Held,* under the above rule (paragraph 2) that an oral statement
   alleged by plaintiff to have been made to him by the president of a
   mercantile establishment that there would be "no limit" to his salary,
   but that it was to be "commensurate with the earnings" of the com-
   pany, was too indefinite to constitute a contract for compensation for
   services in addition to his regular salary.

Same—*Quantum Meruit*—Special Contract—Measure of Recovery.
   4.   Where recovery is sought on *quantum meruit* and the evidence re-
   veals a special contract, the measure of recovery must be limited to
   the amount so specified.

*Appeal from District Court, Musselshell County; George P.
Jones, Judge.*

Action by J. J. Donovan against the Bull Mountain Trading
Company.   From a judgment for plaintiff and from an order
denying a new trial, defendant appeals.   Reversed and cause
remanded with directions to enter judgment for defendant.

Cause submitted on briefs of Counsel.

*Mr. Thomas J. Matthews,* for Appellant.

In order that an executory contract may be enforceable, it is
generally necessary that the price must be certain of being

ascertained from the contract itself, and yet it is not necessary that the exact figures be stated; nevertheless, the price must by the terms of the contract be capable of being definitely ascertained. (6 R. C. L. 648; *United Press* v. *New York Press Co.,* 164 N. Y. 406, 53 L. R. A. 288 and note, 58 N. E. 527; see, also, *Bluemner* v. *Garvin,* 120 App. Div. 29, 104 N. Y. Supp. 1009.) In the last case cited, the defendant desired to obtain an appointment as architect for a public building in New York, but being unable to prepare plans acceptable to the Municipal Art Commission, requested the plaintiff to make a successful plan and agreed if he did, and if defendant should get the appointment, to give plaintiff a fair share of his commissions. The contract did not fix the amount of the commissions. The plaintiff drew plans which were accepted, after which defendant repudiated the arrangement. The court held that the terms of the agreement were too vague to constitute an express contract for services. Appellant contends that this case, in so far as the principles involved are concerned, is substantially the proposition before the court in the case at bar, and that the allegations of the complaint are too indefinite and uncertain to form the basis of an action, or to constitute an express contract for extra compensation. (*Petze* v. *Morse Dry Dock & Repair Co.,* 125 App. Div. 267, 109 N. Y. Supp. 328; affirmed in 195 N. Y. 584, 89 N. E. 1110.) Likewise in *Varney* v. *Ditmars,* 217 N. Y. 223, Ann. Cas. 1916B, 758, 111 N. E. 822, the court held that an executory contract by an employer to pay his employee in addition to his salary a fair share of the profits is too indefinite to support recovery. (Affirming s. c., 159 App. Div. 911; see, also, *MacIntosh* v. *Kimball,* 101 App. Div. 494, 92 N. Y. Supp. 132; *Fairplay School Tp.* v. *O'Neal,* 127 Ind. 95, 26 N. E. 686; *Dayton* v. *Stone,* 111 Mich. 196, 69 N. W. 515; *Adams* v. *Adams,* 26 Ala. 272; *Van Slyke* v. *Broadway Ins. Co.,* 115 Cal. 644, 47 Pac. 689, 928; *Marble* v. *Standard Oil Co.,* 169 Mass. 553, 48 N. E. 783; *Burks* v. *Stam,* 65 Mo. App. 455; *Butler* v. *Kemmerer,* 218 Pa. St. 242, 67 Atl. 332.)

*Mr. John R. Boarman,* for Respondent.

The contention of appellant is that the language used is altogether too uncertain and speculative to constitute a binding and enforceable contract. The objection was waived by not demurring to the complaint on the grounds of ambiguity and uncertainty. (Rev. Codes, sec. 6534, subd. 7; *Hefferlin* v. *Karlman*, 29 Mont. 150, 74 Pac. 201.)

The complaint states that, in addition to the salary, an extra reasonable compensation, liberally commensurate with the results obtained would be allowed. What that reasonable compensation should be was properly left to the jury to say under the evidence introduced upon the trial.

Counsel seem to have overlooked the broad distinction between an executory contract and an executed one. The testimony shows that the terms of the contract were for one year and that respondent had fully performed the conditions thereof.

In support of the contention of counsel he cites, 6 R. C. L., page 648, which states: "That in order that an executory contract may be enforceable, it is generally necessary that the price must be certain of being ascertained from the contract itself, and yet it is not necessary that the exact figures be stated; the price must by the terms of the contract be capable of being definitely ascertained." The text cited several authorities which are not applicable to the facts in this case, nor to the allegations of the complaint when it is considered that this is an executed contract, for in the same authority it is held: "However, after services or materials have been furnished and accepted, the fact that no price had been agreed upon, or that the compensation mentioned in the contract is too indefinite, does not prevent the recovery of a reasonable compensation." (Page 649.)

The authorities cited by counsel all refer to cases in which the contract had not been fully performed and are not applicable to an executed contract as in the instant case.

The case of *Varney* v. *Ditmars*, 217 N. Y. 223, Ann. Cas. 1916B, 758, 111 N. E. 822, cited by appellant, is one brought for a wrongful discharge, and damages were claimed for a time subsequent to the discharge for a "fair share of the profits." The court held that: "An executory contract by an employer to pay an employee in addition to his salary, a fair share of the profits is too indefinite to support a recovery." In the notes to this case is stated the rule in the *United Press Case,* 164 N. Y. 406, 53 L. R. A. 288, 58 N. E. 527; 6 R. C. L. 644: "The rule stated does not prevent a recovery upon *quantum meruit,* in case one party to an alleged contract has performed in reliance upon the terms thereof, vague, indefinite and uncertain though they are." In such case the law will presume a promise to pay the reasonable value for the services.

Judge Gray said: "I entertain no doubt that, where work has been done or articles have been furnished, a recovery may be based upon *quantum meruit,* or *quantum valebat.*"

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

Appeal by defendant from a judgment entered against it on a verdict for plaintiff, and also from an order overruling defendant's motion for a new trial. The action, as appears from the amended complaint, is to recover extra compensation for services alleged to have been rendered by plaintiff for defendant. Defendant was engaged in general merchandise business at Klein, Montana, which, under the then management, was "losing money rapidly." It is further alleged in the amended complaint: "The defendant promised to pay plaintiff if the [1] latter would take charge of said merchandise business * * * as manager thereof, and would conduct the same at a salary of $175 per month, and in the event that the plaintiff was successful in placing said business upon a profitable basis and rescuing the said business from the deplorable and desperately unprofitable condition in which the said business

then was and had been for a long time, the defendant promised to pay plaintiff, in addition to the said salary, an extra and reasonable compensation, liberally commensurate with the results obtained; that this plaintiff, in reliance upon the said promises and acting thereon, accepted said offer of employment on the seventeenth day of August, 1915, * * * and continued in the said employment of defendant as such manager of said business up to the first day of September, 1916." It is further alleged: "That plaintiff succeeded in placing said business upon a profitable basis and rescued it from the unprofitable condition in which it then was." It is further alleged that the fair and reasonable value for the extra compensation due the plaintiff is the sum of $5,000, and that $500 of this sum has been paid.

Defendant filed a general demurrer to this amended complaint, which demurrer was afterward withdrawn and answer made, admitting certain allegations of the amended complaint, admitting the payment of the $500 extra, but denying any contract with Donovan except that relating to the $175 per month. A replication to this answer was filed. No other objection was made to the amended complaint until at the trial the defendant objected to the introduction of any evidence, for the reason that "the amended complaint fails to state a cause of action against defendant."

1. The respondent here contends that the objection to the amended complaint came too late.

The fact that a party does not move or specially demur to the pleading of his adversary on the ground that it is indefinite does not obviate the necessity of the pleading stating a cause of action, if a complaint, or a defense, if an answer. In *Hefferlin* v. *Karlman*, 29 Mont. 139, 74 Pac. 201, cited by respondent, the objection to the pleading was made for the first time in the supreme court and the court held that the complaint did state a cause of action, and that the objection thus urged could not then be entertained.

In passing on this assignment of error, we go no further than to hold that the amended complaint is indefinite in not stating any basis or time of computing any claim for extra services. We believe that the rights of the parties may be better subserved by considering the actual contract as testified to by the plaintiff, and under which he claims to have accepted the employment and performed the services.

2. At the close of plaintiff's case, the defendant asked the court to direct a verdict in its favor for several reasons therein stated. All of these reasons, in the final analysis, are based upon the appellant's contention that the contract of employment is insufficient to support a finding for plaintiff. While confining our discussion to the legal question involved, a brief statement of the facts leading up to the employment may be helpful. It appears that the plaintiff was general manager of a store at Carpenter Creek, Montana, which was owned by plaintiff, H. S. Hopka, and this defendant; that the plaintiff was receiving a salary of $125 per month. The defendant was conducting a mercantile business at Klein, Montana, and, being dissatisfied with the management thereof, requested plaintiff to take charge as the general manager, which the plaintiff did, and continued in charge until he quit of his own volition at the time named in the amended complaint. The contract of employment was made with G. W. Megeath, [2] president of the defendant corporation. Plaintiff in his testimony, in stating the contract, says: "He told me he had been paying a salary of $200 per month to the man who preceded me. If I would take it at $175 per month and put the business on its feet, there would be no limit to my salary, and I agreed to take it on those terms. Q. What conditions were there upon which you should receive anything more than the $175 per month? (Objected to as leading and suggestive.) Court: He may answer. A. My salary was to be commensurate with the earnings of the company for the time I was there, and I agreed to take it for a year and try it. That

was the conditions of my employment." It further appears that the $175 per month had been regularly paid; that the only claim of plaintiff now is for the extra compensation.

The appellant contends that the language of this contract of employment is too uncertain and speculative to constitute a binding and enforceable agreement, in so far as it relates to extra compensation.

It is a necessary requirement that an agreement, in order to be binding, must be sufficiently definite to enable the court to fix an exact meaning upon it. If an offer contemplates an acceptance by merely an affirmative answer, the offer must itself contain all the terms necessary for the required definiteness.

In *Price* v. *Stipek,* 39 Mont. 426, 431, 104 Pac. 195, 196, this court quoted with approval from the decision in *Thomson* v. *Gortner,* 73 Md. 474, 21 Atl. 371, wherein it is said: "In order to constitute a valid verbal or written agreement, the parties must express themselves in such terms that it can be ascertained to a reasonable degree of certainty what they mean. And, if an agreement be so vague and indefinite that it is not possible to collect from it the full intention of the parties, it is void; for neither the court nor the jury can make an agreement for the parties. Such a contract can neither be enforced in equity, nor sued upon at law." This doctrine was again announced by this court in *Schwab* v. *McVey,* 54 Mont. 422, 171 Pac. 277. (See, also, *Ahlstrom* v. *Fitzpatrick,* 17 Mont. 295, 42 Pac. 757.)

In *Mackintosh* v. *Kimball,* 101 App. Div. 494, 92 N. Y. Supp. 132, the plaintiff sought to recover compensation in addition to a stated salary which he had received, upon a claim by him that during his employment he stated to defendants that he intended to quit unless given an increased salary, and one of the defendants said to him they would make it worth his while if he stayed on and would increase his salary, and that the idea was to give him an interest in the profits. The

defendant further remarked: "You can depend upon me. I will see that you get a satisfactory amount." The court held that the arrangement was too indefinite to form the basis of any obligation on the part of defendants.

In *Butler* v. *Kemmerer*, 218 Pa. 242, 67 Atl. 332, the plaintiff was in the employ of defendant at a regular salary, and the defendant promised him that if there were any profits in the business he would divide them with the plaintiff "upon a very liberal basis." The court held that the contract was never made complete and that there was no standard by which to measure the degree of liability and that the contract was too vague and indefinite to be enforced.

In *Fairplay School Township* v. *O'Neal*, 127 Ind. 95, 26 N. E. 686, a verbal contract by which the trustees agreed to pay a teacher "good wages," it was held that the contract was void for uncertainty as to compensation.

In *United Press* v. *New York Press Co.*, 164 N. Y. 406, 53 L. R. A. 288, 58 N. E. 527, a contract to pay "not exceeding $300 per week" was held void for uncertainty. The court said: "If this were a case where the contract of the parties was merely ambiguous in its terms, it might be permissible to explain them by evidence of their acts and thus to show a practical construction, but the difficulty with this instrument lies deeper. It lacked support in one of its essential elements; in the absence of a statement of the price to be paid * * * it is elementary in the law that, for the validity of a contract, the promise, or the agreement, of the parties to it must be certain and explicit and that their full intention may be ascertained to a reasonable degree of certainty." The court further held that certain payments made by the defendant of the additional compensation did not have the effect of giving validity to the contract.

In *Varney* v. *Ditmars*, 217 N. Y. 223, Ann. Cas. 1916B, 758, 111 N. E. 822, the plaintiff was an employee of the defendant, receiving a salary of $35 per week, and on complaint that his

salary was too small the defendant said: "I am going to give you $5 more a week; if you boys will go on and continue the way you have been and get me out of this trouble and get these jobs started   *   *   *   on the 1st of next January I will close my books and give you a fair share of my profits." The court held that these statements made by the defendant were too indefinite to constitute a contract, and discussed at considerable length the principles here involved and cited many authorities.

The respondent maintains that these New York cases do not apply, for the reason that the questions there involved a division of profits, while the instant case is for extra compensation. This is true in a sense, but the principle discussed by the New York court is applicable here.

The phrase "commensurate with the earnings of the company" would require the ascertainment of the profits and, in effect, their division.

There is no question that, in the case of a contract for the sale of goods or for hire without a fixed price or consideration being named, it will be presumed that a reasonable price or consideration is intended, and recovery may be based upon *quantum meruit* or *quantum valebat*, but even in such a case the contract alleged must be sufficiently definite to acquire a legal status; otherwise there is not any contract, either express or implied.

The contract in this case is definite and certain as to the [3] $175 per month, but the phrase therein "no limit to my salary" cannot be regarded as having been made with contractual intent, and the further phrase "commensurate with the earnings of the company" is equally indefinite. Neither furnish any rule nor contain any intimation as to the amount of the increase, nor how it is to be computed, or when it is to commence. All is left to conjecture. The parties having omitted these essential requirements, any increase or change in the compensation would have to be the subject of future agree-

ment or stipulation. Similar language in a contract was held by the supreme court of Massachusetts as being merely "hopeful encouragement sounding only in prophecy." (*Hall* v. *First Nat. Bank*, 173 Mass. 16, 73 Am. St. Rep. 255, 44 L. R. A. 319, 53 N. E. 154.)

Nor is the respondent's case strengthened if we regard the [4] statement "my salary was to be commensurate with the earnings of the company" as a separate or special contract, for, "where a recovery is sought as in *quantum meruit,* and the evidence reveals a special contract, the measure of recovery is to be limited to, or, in other words, must not exceed the amount specified in the contract." (*Swift* v. *Johnson,* 175 Mo. App. 660, 158 S. W. 96.) No amount is specified in this alleged contract, nor is there any statement therein by which any amount can be ascertained. This entire subject is discussed at length, with citation of cases and holdings of the court in 1 Williston on Contracts, section 36, and following sections: 1 Page on Contracts, first edition, section 27, and following sections; second edition, section 25, and following sections.

The contract stated by plaintiff in positive terms in his testimony, and on which he bases his claim for extra compensation, is so vague and indefinite as to be wholly void, and hence unenforceable in either law or equity.

We recommend that the judgment and order appealed from be reversed, and the cause remanded to the district court, with directions to set aside the verdict and judgment for plaintiff and to enter judgment for defendant for its costs.

Per Curiam: For the reasons given in the foregoing opinion, it is ordered that the judgment and order of the lower court be reversed, and the cause remanded with directions to set aside the verdict and judgment for plaintiff and to enter judgment for defendant for its costs.

*Reversed.*