McDONALD ET AL., RESPONDENTS, *v.* McNINCH ET AL., APPELLANTS.

(No. 4,757.)

(Submitted April 17, 1922. Decided May 8, 1922.)

[206 Pac. 1096.]

*Landlord and Tenant—Farm Lands—Leases—Construction— Uncertainties—Custom and Usage—Record—Absence of Instructions—Presumptions—Appeal and Error—Theory of Case.*

Landlord and Tenant—Farm Lands—Lease Held not Void for Uncertainty.
   1. A lease of agricultural lands which did not impose upon either party the work of preparing them for crops or provide who should furnish seed, bear the expense of harvesting, extra help, *etc.,* was

not void for uncertainty, it being implied under section 7547, Revised Codes of 1921, from the fact that the lessees were to have possession for the purpose of producing crops, that they were to do these things.

Same—Alleged Uncertainty Caused by Appellant—Effect.

2. In an action for damages for breach of a lease of farm lands by the lessors, the lease *held* not void for uncertainty for failing minutely to describe a building site and right of way reserved by the lessors, where it was apparent therefrom that the burden of selecting them within a reasonable time was upon the lessors, and that they themselves had caused the uncertainty to exist.

Same—Lease—Construction—Custom and Usage.

3. Nor was the lease void for failing to designate the time and place for a division of the crops provided for, since under section 7537, Revised Codes of 1921, any uncertainty in that respect was determinable by the custom or usage observed in the vicinity in the light of the surrounding facts and circumstances bearing upon the transaction. (Sec. 7538.)

Same—Instructions—Absence from Record—Presumptions.

4. In the absence of the instructions from the record, it will be presumed on appeal that the lease in question was construed according to the intention of the parties and that the jury were given such directions as were necessary to a proper determination of the issues.

Appeal and Error—Theory of Case.

5. Where an action was tried upon the theory of the measure of damages advanced by defendants, they are in no position to complain on appeal that it was erroneous.

*Appeals from District Court, Beaverhead County; Joseph C. Smith, Judge.*

Action by A. S. McDonald and another against Lewis E. McNinch and another. From the judgment for plaintiffs and from an order denying a new trial, the defendants appeal. Affirmed.

*Mr. W. J. Cushing* and *Messrs. Norris, Hurd & Collins,* for Appellants, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

The following cases illustrate the rule of void contracts from two aspects: One where the contract is void for want of mutuality or for want of consideration to bind one of the parties; and the other where the parties appear to be bound to do something under their contract but their obligations are so indefinitely stated as to render a performance impossible or the meaning unintelligible: *Price* v. *Stipek,* 39 Mont.

426, 104 Pac. 195; *Schwab* v. *McVey,* 54 Mont. 422, 171 Pac. 277; *Nave* v. *McGrane,* 19 Idaho, 111, 113 Pac. 82; *Reed* v. *Lowe,* 8 Utah, 39, 29 Pac. 740; *Barton* v. *Spinning,* 8 Wash. 458, 36 Pac. 439; *Lord* v. *Goldberg,* 81 Cal. 596, 15 Am. St. Rep. 82, 22 Pac. 1126; *Faulkner* v. *Des Moines Drug Co.,* 117 Iowa, 120, 90 N. W. 585; *Gaines* v. *Vandecar,* 59 Or. 187, 115 Pac. 721, 1122; *Spokane Canal Co.* v. *Coffman,* 61 Wash. 357, 112 Pac. 383.

In the instant case the ambiguities are patent, and therefore are not explainable by oral testimony.    (*Cole* v. *Clark,* 3 Pinn, (Wis.)  303.)

The contract provides that the "said parties hereto are to pay half and half of all threshing bills, such as sacks," *etc.*  There are four parties to this contract.  Which of them are and which are not the "said" parties is not indicated. Admitting, as we must, that half and half equal the whole of such costs, the court is unable to select any of them as the "said" parties and impose that burden upon them and exempt the others.  But if each of the parties pays half thereof the threshing bills will be twice paid.  Where several persons are parties to the same contract some of its provisions may relate to one or more only, and some may relate to each party while other provisions may relate to all jointly.  (*Pettit* v. *Forsyth,* 15 Cal. App. 149, 113 Pac. 892.)  Where obligations are to be distributed among several parties· the contract should not leave the court in doubt as to who shall bear the burden and who are exempt.

*Messrs. Pease & Stephenson,* for Respondents, submitted an original and a supplemental brief.

It is urged by appellants that the contract is void, since it binds "said parties" to "pay half and half of all threshing bills," *etc.,* whereas there are four parties to the lease, and this would result in the threshing bills being twice paid.  This court is asked to close its eyes to the fact that there are two lessors and two lessees, and to refuse to entertain the

notion that "half and half" means half to lessors and half to lessees. Had there been one lessor and two lessees affected by this clause, our position would no doubt be completely overthrown by the mathematical impossibility of dividing three people "half and half."

We see no reason why the landlords may not, under this contract, demand the division of crops as soon as they are crops, and not emblements attached to the soil, or bolted flour. The landlords agree to half of the threshing bills, which they would not do were the division to take place in the stack; and as no transportation or distant place of delivery is stipulated, a division at the machine will satisfy the duty of the tenants. A similar application of what would seem to be mere common sense unaided by the refinements or jurisprudence will resolve all of the difficulties into which appellants have willingly fallen.

The building site reserved by the landlords is not described except that it must be within a certain forty acre tract; nor is the right of way thereto defined. Therefore, it is urged, the landlords may have the entire ranch to use as a right of way. It would seem not unreasonable to permit them to select their building site and right of way within a reasonable time, or be deemed to have lost their reservation so far as it might affect portions of the premises put into cultivation by the tenants.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On January 12, 1918, Effie H. McNinch and Louis E. McNinch, as lessors, and A. S. McDonald and B. S. McDonald, as lessees, executed a lease by the terms of which the lessors leased to the lessees 760 acres of land (particularly described) in Beaverhead county. The term of the lease was two years from March 1, 1918, with an option for renewal. The lessors agreed to furnish all tools and implements on the premises necessary to properly run the ranch, including one tractor;

to furnish all necessary materials to put the machinery and tools in good working condition; to furnish eight work horses; and to furnish all necessary materials and one man to put the main irrigating ditches in good repair in time for the first irrigation. The lessees agreed specifically to do the necessary work to put the tools and machinery in working order, to keep all irrigating ditches and laterals in repair, to seed at least 100 acres to grain each year, and to furnish all extra labor necessary to thresh the grain. It was agreed further that the parties should pay "half and half" of all threshing . bills "such as sacks, all twine and machinery charges;   *   *   * that each of the said parties hereto are to share and share alike with all crops produced upon the above-described premises," and that the lessors reserved five acres for a building site upon one of the forty acre tracts described in the lease and a right of way to and from such place. The foregoing constitutes a fair summary of the terms of the lease so far as they are involved here.

This action was brought by the lessees to recover damages for a breach of the agreement by the lessors. In their complaint they allege the execution and delivery of the lease and attach a copy of it. They allege further that they were at all times ready, able, and willing to perform all the terms of the agreement by them to be performed, but that defendants wrongfully, willfully, maliciously and oppressively violated the agreement, in that they refused to permit plaintiffs to . have possession of the leased premises or personal property to be furnished by the lessors and refused to permit the plaintiffs to occupy the premises or to perform the terms of the agreement by them to be performed, in consequence whereof plaintiffs were prevented from having the use and benefit of the leased property, to their damage in the sum of $5,510. There was also included a prayer for $1,000 exemplary damages.

The answer admits the execution and delivery of the lease and that defendants "refused to vacate or deliver possession

of said premises or to deliver possession of said personal property to the plaintiffs," and otherwise denies all the allegations of the complaint.   Upon these pleadings the cause was tried, resulting in a verdict in favor of the plaintiffs for $2,000.   From the judgment entered thereon and from an order denying a new trial, defendants appealed.

At the opening of the trial, counsel for defendants objected [1] to the introduction of any evidence upon the ground that the complaint does not state a cause of action, for the reason "that the contract upon which this action is brought is void for uncertainty."   The order of the trial court overruling this objection constitutes the principal assignment of error.

Section 7501, Revised Codes of 1921, provides: "Where a contract has but a single object, and such object is, * * * wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."   It is not contended that the object of this lease is impossible of performance, but it is urged that it is so vaguely expressed as to be wholly unascertainable, and the following alleged defects are specifically pointed out: The duty is not imposed upon any one to bear the expense or do the work of preparing the land for crops or to furnish seed or feed, or to cut or otherwise care for the crops, or to harvest them or board the threshing crew.   No one is designated to determine what tools and machinery are required to operate the place or what help is comprehended by the terms "extra help" in threshing, and neither the building site nor the right of way is described with sufficient particularity.

It is not material to inquire whether the terms of this contract might or might not have been expressed more definitely. It may be conceded that there are ambiguities and uncertainties present, but this court is not authorized to declare the lease void unless the conclusion is compelled that its object is "wholly unascertainable."   Section 7534 and 7547, Revised Codes of 1921, provide:

"7534.  A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done, without violating the intention of the parties."

"7547.  All things that in law or usage are considered as incidental to a contract, or as necessary to carry it into effect, are implied therefrom, unless some of them are expressly mentioned therein, when all other things of the same class are deemed to be excluded."

From the fact that plaintiffs were to have possession of the lands and personal property for the purpose of producing crops upon the land, it is implied that they were to do all work, furnish all materials, and pay all expenses necessary to that end, except in so far as defendants bound themselves specifically to do part of the work, furnish part of the materials, or pay part of the expenses, and the things which defendants bound themselves to do are not left in doubt. Defendants cannot concern themselves with the meaning of the terms "extra help." They were not required to furnish any help in threshing, but it is manifest from the context that the terms were employed to designate any help in addition to that provided by the threshing crew, and whatever additional help was necessary plaintiffs bound themselves to provide.

It is true that neither the building site nor the right of way is described minutely; but, when that provision of the lease is read in connection with the other terms, it leaves no room for doubt that the burden of selecting them was imposed upon the defendants who made the reservations and that the duty to make the selections within a reasonable time, measured by the rights of the plaintiffs under the lease, was likewise assumed by them.

Conceding that the lease leaves it uncertain as to the time or place for division of the crops, that uncertainty in the actual execution of the agreement was subject to solution by reference to the custom of the vicinity. Sections 7537 and 7545, Revised Codes of 1921, provide:

"7537.  A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

"7545.  In cases of uncertainty not removed by the preceding rules, the language of the contract should be interpreted most strongly against the party who caused the uncertainty to exist.  The promisor is presumed to be such party," *etc.*

It was the duty of the trial court to interpret the lease in the light of the surrounding facts and circumstances bearing upon the transaction (sec. 7538, Rev. Codes 1921); in other words, to put itself as nearly as might be in the situation of the parties at the time they entered into the agreement, and so to view the circumstances as they viewed them, and to judge of the meaning of the terms and the correct application of the language of the contract.  (*Alywin* v. *Morley*, 41 Mont. 191, 137 Am. St. Rep. 692, 108 Pac. 778; *Duckett* v. *Biggs*, 57 Mont. 443, 188 Pac. 938.)

The lease is not void for uncertainty.  In our opinion, the trial court should not have experienced any difficulty in inter-[4] preting it correctly, and, in the absence of the instructions from the record, we indulge the presumption that it was construed according to the intention of the parties and that the jury was given such directions as were necessary to a proper determination of the issues.

A comparison of the terms of this lease with the provisions of the contract under consideration in *Price* v. *Stipek*, 39 Mont. 426, 104 Pac. 195, or in *Schwab* v. *McVey*, 54 Mont. 422, 171 Pac. 277, will serve to emphasize the difference between a contract the provisions of which are vague or indefinite, and one the meaning of which cannot be determined.

In a supplemental brief, counsel for defendants urge that [5] the trial court adopted an erroneous theory of the measure of damages; but they are not to be heard in this

behalf, for the record discloses that it was upon their own instance that the court was moved to adopt the particular theory. A party who participates in or contributes to an error cannot complain of it (*Pelican* v. *Mutual Life Ins. Co.,* 44 Mont. 277, 119 Pac. 778; *Ferris* v. *McNally,* 45 Mont. 20, 121 Pac. 889), and upon appeal he may not change the theory upon which he tried the case in the court below (*Hoskins* v. *Scottish U. & N. Ins. Co.,* 59 Mont. 50, 195 Pac. 837).

The other assignments do not merit special consideration.

The judgment and order are affirmed.

*Affirmed.*

Associate Justices Cooper and Galen and Honorable Roy E. Ayers, District Judge, sitting in place of Mr. Justice Reynolds, disqualified, concur.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.

